**Craig M. RYAN, Plaintiff–Appellant,**

v.

**Willis SARGENT, Warden, Cummins Unit, Arkansas Department of Correction, Defendant–Appellee.**

**No. 91–3068.**

United States Court of Appeals, Eighth Circuit.

Submitted Feb. 28, 1992.

Decided July 8, 1992.

---

Mark Allison, Little Rock, Ark., argued, for plaintiff-appellant.

Brad Newman, Asst. Atty. Gen., Little Rock, Ark., for defendant-appellee.

Before ARNOLD, Chief Judge, JOHN R. GIBSON and MAGILL, Circuit Judges.

JOHN R. GIBSON, Circuit Judge.

Craig M. Ryan appeals from a summary judgment the district court entered against him on his action brought under 42 U.S.C. § 1983 (1988). Ryan, an inmate at the Cummins Unit of the Arkansas Department of Correction, was assigned to administrative segregation after the warden, Willis Sargent, received a letter, based on a confidential informant inmate's information, detailing Ryan's plans to escape from prison. Ryan argues that the district court erred in concluding that the warden's efforts to verify the reliability and veracity of the confidential informant satisfied due process. Ryan also argues that the district court erred in denying his motion to amend his complaint. We affirm the judgment of the district court.[1]

In an affidavit submitted along with his summary judgment motion, Sargent stated he had received information on January 2, 1990, that Ryan planned to escape and go to Brazil. The affidavit further recited that Ryan's plans included slipping out through the chapel and gates in disguised clothing with a religious volunteer group on January 6, 1990, and riding away from the unit with another inmate's girlfriend. Sargent's affidavit further recited, as accepted in the magistrate judge's report, that Sargent had checked Ryan's records and determined that he had no family ties, no work record, and had travelled extensively in Central and South America. Sargent confirmed that Ryan had contacted an inmate about getting dye to color his clothing for the escape.

1. The Honorable Henry Woods, United States District Judge for the Eastern District of Arkansas.

■ The magistrate judge found that the information available to Sargent provided a sufficient basis for placing Ryan on temporary administrative segregation, and that Sargent's investigation and the corroborating evidence outlined in the affidavit had sufficient indicia of reliability under these circumstances. The district court adopted and approved the findings and recommendations of the magistrate judge and granted Sargent's motion for summary judgment. *Ryan v. Sargent*, No. PB–C–90–439 (E.D.Ark. Aug. 21, 1991). The facts recited above comprise the extent of the record on which summary judgment was entered.[2] Evidently, the magistrate judge did not make an *in camera* inspection of the letter the warden received. The magistrate judge also recommended denying Ryan's motion to amend his complaint to add as defendants the classification committee members who had held Ryan's hearing, permanently assigned him to administrative segregation, and entered additional disciplinary orders based on his refusal to work following his discipline for the threatened escape.[3] The district court adopted the magistrate judge's report in full.

## I.

■ We have recognized that Arkansas law creates a protectible liberty interest for Arkansas prisoners in remaining in the general prison population. *Hayes v. Lockhart*, 754 F.2d 281, 282–83 (8th Cir.1985). Prison authorities must therefore provide a prisoner with the appropriate level of due process of law, *see Wolff v. McDonnell*, 418 U.S. 539, 555–58, 94 S.Ct. 2963, 2974–

76, 41 L.Ed.2d 935 (1974), before assigning him to administrative segregation. Specifically, there must be "some evidence" in the record to support the disciplinary decision. *Freitas v. Auger*, 837 F.2d 806, 810 (8th Cir.1988). *See Superintendent v. Hill*, 472 U.S. 445, 454–56, 105 S.Ct. 2768, 2773–75, 86 L.Ed.2d 356 (1985) ("some evidence" standard used in revoking prisoner's "good time" credits). When a confidential informant is involved, we have held that:

> [A] determination of the reliability of the confidential informant[ ] must be made.... A bald assertion by an unidentified person, without more, cannot constitute some evidence of guilt. In addition, checking reliability will "help to prevent arbitrary deprivations without threatening institutional interests or imposing undue administrative burdens." The district court's review of confidential information, *in camera*, provides such a check.

*Freitas*, 837 F.2d at 810 (footnote and citations omitted). *See also Hensley v. Wilson*, 850 F.2d 269, 276 (6th Cir.1988) (determining reliability of inmate informants is essential prerequisite for exacting discipline for violations established by informant testimony).

*Freitas*, also a prison escape case, listed in a footnote four ways to establish the reliability of a confidential informant:

> (1) the oath of the investigating officer as to the truth of his report containing confidential information and his appearance before the disciplinary committee ..., (2) corroborating testimony ..., (3) a statement on the record by the chairman

---

2. Both parties, in their briefs to the district court as well as to this court, refer to certain "facts" that were not properly established in the record. The magistrate judge did not rely on these facts. Nonetheless, both parties seem to assume that some of these facts were true. Some of these facts include: The author of the written statement given to the warden was not an inmate, but a person whom the warden knew and whose credibility he did not question. The warden and the assistant warden over security matters confirmed the substance of the statement with its author, as well as checking Ryan's records. The written statement contained information supplied by an unnamed inmate informant whose identity was unknown to Sargent,

even at the time of the litigation. These statements appeared in the briefs of both Ryan and Sargent.

These facts were not established by affidavit, however, as required by Fed.R.Civ.P. 56, and we will not consider them. Certainly, these additional facts may have made the case somewhat simpler, but we will consider only the basis for the district court's ruling, which were those facts supported by affidavit.

3. Ryan also filed a motion to compel discovery, but the magistrate judge made no ruling on this motion. We reject Ryan's argument that the district court improperly denied this motion.

of the disciplinary committee that, "he had firsthand knowledge of the sources of information and considered them reliable on the basis of 'their past record of reliability,'" or (4) *in camera* review of material documenting the investigator's assessment of the credibility of the confidential informant. 837 F.2d at 810 n. 9 (citing *McCollum v. Williford*, 793 F.2d 903, 906 (7th Cir.1986) (other citations omitted)). Although we noted in *Freitas* that *Hill's* "some evidence" standard did not require "'an independent assessment of the credibility of witnesses,'" 837 F.2d at 810 n. 8 (citing *Hill*, 472 U.S. at 455, 105 S.Ct. at 2774), we held "reliability of confidential informants to be a different matter," 837 F.2d at 810 n. 8, and then set forth its standards to establish such reliability. *Id.* at 810 n. 9.

■ Ryan argues that he was deprived of due process, as there was no determination made as to the confidential informant's reliability. We do not believe that *Freitas* lays down an inflexible standard for determining reliability of information from confidential sources with respect to escape attempts. The footnote makes clear that the four methods from *McCollum* were not "necessarily exclusive," nor any one "necessarily sufficient to determine reliability." 837 F.2d at 810 n. 9.

■ Here, Sargent filed an affidavit describing the information he received about the escape attempt. The affidavit contained specific details about Ryan's escape, including where it would begin, Ryan's change of clothing, and his plan to go to Brazil. His investigation confirmed that Ryan had contacted another inmate about dyeing clothing, and that he had travelled extensively in Central and South America. Thus, Sargent corroborated, as specified by *Freitas*, two specific details mentioned in the letter: clothing and destination. Sargent also offered the letter for *in camera* inspection by the magistrate judge, who evidently did not feel that such was necessary. While there was an *in camera* examination in *Freitas*, 837 F.2d at 810, the evidence in Sargent's affidavit corroborating certain facts in the letter was sufficient to establish the reliability of the confidential informant's information.

Supreme Court cases make abundantly clear that institutional security is a preeminent concern to prison officials. *See, e.g.*, *Turner v. Safley*, 482 U.S. 78, 89, 107 S.Ct. 2254, 2262, 96 L.Ed.2d 64 (1987) ("[s]ubjecting the day-to-day judgments of prison officials to an inflexible strict scrutiny analysis would seriously hamper their ability to anticipate security problems and to adopt innovative solutions to the intractable problems of prison administration."); *Bell v. Wolfish*, 441 U.S. 520, 547, 99 S.Ct. 1861, 1878, 60 L.Ed.2d 447 (1979) ("[p]rison officials must be free to take appropriate action to ensure the safety of inmates and corrections personnel and to prevent escape."). *See also Timm v. Gunter*, 917 F.2d 1093, 1099 (8th Cir.1990) (prison officials must be given great deference with respect to demands of institutional security), *cert. denied*, ―― U.S. ――, 111 S.Ct. 2807, 115 L.Ed.2d 979 (1991). Prison officials have the right to respond accordingly when there is "some evidence" of an escape attempt in the works.

The district court did not err in adopting the magistrate judge's conclusion that "Sargent's investigation and the corroborating evidence outlined in his affidavit [provided] sufficient indicia of reliability under these circumstances." Proposed Findings and Recommendations at 4. Sargent's decision to place Ryan in administrative segregation is supported by "some evidence" in the record.

## II.

Ryan also argues that the district court erred in not allowing him to amend his complaint to add as defendants the classification committee members. We need not discuss this argument in detail. "The disposition of a motion to amend is within the sound discretion of the district court," *Sprynczynatyk v. General Motors Corp.*, 771 F.2d 1112, 1125 (8th Cir.1985), *cert. denied*, 475 U.S. 1046, 106 S.Ct. 1263, 89 L.Ed.2d 572 (1986), and Ryan has shown no abuse of discretion. *See Thompson–El v. Jones*, 876 F.2d 66, 67 (8th Cir.1989) (policy

of liberally allowing parties to amend pleadings does not dictate an absolute right to amend).

We affirm the judgment of the district court.