19 F.3d 23
 NOTICE: Eighth Circuit Rule 28A(k) governs citation of unpublished opinions and provides that no party may cite an opinion not intended for publication unless the cases are related by identity between the parties or the causes of action.
Roosevelt MARTIN, Plaintiffs-Appellants,
Keith STRICKLAND; Isaac Harold Scott, Plaintiffs,
v.
Michael GROOSE; David Dormire; George Adams; Michael
Plemono; Stewart Epps; Harriett Swinger; David
Hull, Defendants-Appellees.
 No. 93-2517.
 United States Court of Appeals,
Eighth Circuit.
 Submitted: March 1, 1994.
Filed: March 14, 1994.
 
 Before WOLLMAN, MAGILL, and LOKEN, Circuit Judges.
 PER CURIAM.
 
 
 1
 Roosevelt Martin, a Missouri prisoner, appeals from the district court's[1] order granting summary judgment against him in his action brought under 42 U.S.C. Sec. 1983. We affirm the judgment of the district court.
 
 
 2
 Martin, Keith Strickland, and Isaac Scott are prisoners at the Jefferson City Correctional Center. On August 23, 1991, they each received an identical conduct violation for allegedly violating a prison rule prohibiting possession of a controlled substance. The conduct violations stated that homemade wine was being made with increasing frequency in the chemical products building, and had been found at least four times hidden in various places in the building. The conduct violations-which referenced a confidential report-also stated that "investigation" had revealed that Strickland, Martin, and Scott were involved in making and transporting the wine. According to the conduct violations, the inmates were found guilty based on information in the confidential report. Prison officials punished the three inmates by denying them contact visits for two months; Martin also received ten days of disciplinary segregation, suspended for sixty days. Each of the three inmates also was terminated from his job at the chemical products factory.
 
 
 3
 Martin, Strickland, and Scott then brought this section 1983 action against the prison superintendent, the assistant superintendent who removed the inmates from their jobs, two correctional officers who allegedly were involved in the decision to charge the inmates with the conduct violations, and the three prison caseworkers who allegedly found the inmates guilty. The inmates, who are black, claimed that they were improperly found guilty of their conduct violations, and that prison officials had discriminated against them based on their race because only black inmates were terminated from their jobs for possessing intoxicating substances. The district court granted defendants' motion for summary judgment, and denied Martin's motion for reconsideration. In this timely appeal-in which Martin is the only appellant-Martin renews the argument he made below that defendants failed to determine the reliability of the confidential informants whose statements were used against him. He also reasserts that his job termination was racially motivated. Martin contends that, because material issues of fact existed as to both of these claims, summary judgment was improper.
 
 
 4
 We review the district court's grant of summary judgment de novo, and we view the facts in the light most favorable to the non-moving party. Robinson v. Monaghan, 864 F.2d 622, 624 (8th Cir. 1989). Prison disciplinary decisions must be supported by "some evidence." Freitas v. Auger, 837 F.2d 806, 810 (8th Cir. 1988) (citing Superintendent v. Hill, 472 U.S. 445, 454-56 (1986) ("some evidence" standard used in revoking prisoner's good-time credits). However, as we stated in Freitas, 837 F.2d at 810, and reaffirmed in Ryan v. Sargent, 969 F.2d 638, 640 (8th Cir. 1992), cert. denied, 113 S. Ct. 1000 (1993), "[a] bald assertion by an unidentified person, without more, cannot constitute some evidence of guilt." Thus, prison officials who rely on confidential information to find a prisoner guilty of violating prison rules must determine that the confidential informant is reliable. Ryan, 969 F.2d at 640; Freitas, 837 F.2d at 810. In Freitas, we listed four non-exclusive ways to establish the reliability of a confidential informant: (1) the investigating officer's oath that his confidential report is true and his appearance before the disciplinary committee, (2) corroborating testimony, (3) a record statement by the disciplinary committee chairman that he had firsthand knowledge of the information sources and considered them reliable based on their past record of reliability, or (4) in camera review of the confidential material documenting the investigator's assessment of the confidential informant's credibility. Frietas, 837 F.2d at 810 n. 9.
 
 
 5
 After carefully reviewing the record, we are persuaded that defendants were aware of their responsibility to determine the reliability of the informants named in the confidential report here. One of the certified conduct violation reports that defendants submitted to the district court contains the reporting officer's statement to the disciplinary committee that he had received his confidential information from sources that had proven reliable in the past. In addition, defendants submitted the confidential report to the district court for its in camera review; we presume that the court properly reviewed that information in accordance with its responsibility under Freitas and Auger. Cf. United States v. Hamell, 931 F.2d 466, 468 (8th Cir.) (in absence of evidence to contrary, this court presumes district court properly conducted de novo review of magistrate's report), cert. denied, 112 S. Ct. 347 (1991). Finally, the informants' reliability is supported by the fact-shown on the face of the conduct violations-that prison officials had repeatedly found homemade wine in the building where Martin and the other two inmates worked. Thus, the district court did not err in determining that "some evidence" supported the disciplinary determination against Martin. Accordingly, it correctly granted summary judgment on Martin's claim that the disciplinary determination violated his due process rights.
 
 
 6
 We conclude the district court also was correct in granting summary judgment on Martin's equal protection claim. Prisoners are protected under the Fourteenth Amendment from invidious discrimination based on race. Wolff v. McDonnell, 418 U.S. 539, 556 (1974). A prisoner who asserts an equal protection claim, however, must prove the existence of purposeful discrimination. McCleskey v. Kemp, 481 U.S. 279, 292 (1987).
 
 
 7
 In a supporting affidavit attached to defendants' summary judgment motion, Dormire attested that he removed Martin from his job in the chemical factory based on security concerns "relating to [Martin's] making homemade liquor on the premises." Dormire attested that alcohol posed a serious security concern in prison, and he transferred Martin because of the risk that alcohol would be introduced into the prison-not because of Martin's race. He also attested that the chemical factory was not closely supervised, and that it would jeopardize prison security to keep Martin in a job with such little supervision. Martin replied with a verified statement that white chemical factory workers who had been "busted" for drinking homemade wine or who had received conduct violations similar to his had not lost their jobs. Defendants argue that Martin's statement did not rebut their evidence. We agree. Martin has produced no evidence that the white inmates were similarly situated in that they were found guilty of making or transporting the wine-the basis for Dormire's concern in Martin's case-or that they were caught with the wine while working at the factory. See Abdullah v. Gunter, 949 F.2d 1032, 1037 (8th Cir. 1991) (to state equal protection claim, plaintiff must show at minimum that state has failed to treat similarly situated persons alike), cert. denied, 112 S. Ct. 1995 (1992).
 
 
 8
 Accordingly, we affirm.
 
 
 
 [1]
 The HONORABLE SCOTT O. WRIGHT, Senior United States District Judge for the Western District of Missouri