39 F.3d 1184
 NOTICE: Eighth Circuit Rule 28A(k) governs citation of unpublished opinions and provides that no party may cite an opinion not intended for publication unless the cases are related by identity between the parties or the causes of action.
Burdell McCALL, Appellant,
v.
Don ROPER; Rick Jones; Paul K. Delo; Phillip Nixon;
Linda Wilkson; Brian O'Connell, Appellees.
 No. 94-1904.
 United States Court of Appeals,
Eighth Circuit.
 Submitted: Oct. 27, 1994.
Filed: Nov. 3, 1994.
 
 Before WOLLMAN, BEAM, and HANSEN, Circuit Judges.
 PER CURIAM.
 
 
 1
 Burdell McCall appeals the district court's[1] order granting summary judgment in his 42 U.S.C. Sec. 1983 action against prison officials at the Potosi Correctional Center (PCC). We affirm.
 
 
 2
 McCall, a Missouri inmate, was transferred to PCC on August 4, 1992, after his second attempt to escape from the Missouri Eastern Correctional Center (MECC). Upon McCall's arrival at PCC, he was placed immediately in administrative segregation. McCall alleged defendants thereby violated his due process rights, because his segregation was for punitive, not administrative reasons; he had a protectible liberty interest in being returned to the general prison population once he had served the term of disciplinary segregation imposed at MECC; and he did not receive the process he was due under the Constitution and Missouri Department of Corrections rules. On appeal, McCall also argues the district court erred in granting summary judgment without allowing him to conduct discovery, and in not appointing him counsel.
 
 
 3
 This court reviews a grant of summary judgment de novo. United States ex rel. Glass v. Medtronic, Inc., 957 F.2d 605, 607 (8th Cir. 1992). Summary judgment is appropriate if there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c); Celotex Corp. v. Catrett, 477 U.S. 317, 322-23 (1986).
 
 
 4
 We find that the state's uncontroverted evidence showed McCall was placed in administrative segregation because he was a security risk to PCC, not as punishment for his acts at MECC, and that McCall's history of escape attempts supported PCC officials' determination that McCall was a security risk. See Ryan v. Sargent, 969 F.2d 638, 641 (8th Cir. 1992), cert. denied, 113 S. Ct. 1000 (1993); Bumgarner v. Bloodworth, 768 F.2d 297, 300-01 (8th Cir. 1985) (per curiam).
 
 
 5
 Because McCall's placement in administrative segregation was not punitive, he had no due process right to a prior hearing unless a state statute conferred a liberty interest. See Clark v. Groose, No. 94-1174, slip op. at 2-3 (8th Cir. Oct. 5, 1994) (per curiam); see also Hewitt v. Helms, 459 U.S. 460, 466-67, 469 (1983). Contrary to McCall's assertions, neither Mo. Rev. Stat. Sec. 217.375.1 (Supp. 1993) nor applicable Missouri prison regulations create such a liberty interest. See Clark, slip op. at 3; State ex rel. Haley v. Groose, 873 S.W.2d 221, 223 (Mo. 1994) (en banc). See also Bagley v. Rogerson, 5 F.3d 325, 328-29 (8th Cir. 1993) (state statute creates protectible liberty interest if it mandates specific outcome given certain factual predicates).
 
 
 6
 We also find McCall received the process due him in connection with assignment to administrative segregation. McCall received a classification review within three days of his arrival at PCC, and every thirty to ninety days thereafter. See Hewitt v. Helms, 459 U.S. 460, 472 (1983); Jones v. Mabry, 723 F.2d 590, 594 (8th Cir. 1983), cert. denied, 467 U.S. 1228 (1984).
 
 
 7
 McCall's remaining arguments are without merit.
 
 
 8
 The judgment is affirmed.
 
 
 
 [1]
 The Honorable Edward L. Fillipine, Chief Judge, United States District Court for the Eastern District of Missouri, adopting the report and recommendation of the Honorable Lawrence O. Davis, United States Magistrate Judge for the Eastern District of Missouri