**EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, Appellant,**

**v.**

**HENDRIX COLLEGE, Appellee.**

**No. 94–2870.**

United States Court of Appeals, Eighth Circuit.

Submitted Jan. 13, 1995.

Decided April 26, 1995.

**210**

. Mary L. Clark, Washington, DC, argued (James R. Neely, Jr., Gwendolyn Young Reams and Carolyn L. Wheeler, on the brief), for appellant.

Byron Freeland, Little Rock, AR, argued (Marshall S. Ney, on the brief), for appellee.

Before RICHARD S. ARNOLD, Chief Judge, ROSS, Senior Circuit Judge, and MURPHY, Circuit Judge.

ROSS, Senior Circuit Judge.

The Equal Employment Opportunity Commission (EEOC) appeals from the final judgment of the district court[1] in this Age Discrimination in Employment Act (ADEA) enforcement action in which the district court awarded attorney's fees against the EEOC in the amount of $4,246 in favor of Hendrix College (Hendrix). We affirm.

In 1992, when Dr. Bartel Huff unsuccessfully applied for a faculty position with Hendrix, he filed a charge of age discrimination with the EEOC. On March 16, 1993, following its investigation into Huff's charges, the EEOC issued a letter of determination finding no evidence of discrimination. During the investigation, however, the EEOC discovered that Hendrix had a written policy of discarding all materials relating to unsuccessful faculty applicants upon completion of the faculty search, in violation of the ADEA's recordkeeping regulations, 29 C.F.R. § 1627.3(b)(1). Therefore, the March 16, 1993 letter of determination also notified Hendrix that its policy of discarding the resumes of unsuccessful candidates violated the ADEA's recordkeeping requirements.

On March 26, 1993, less than ten days after the receipt of the EEOC letter of determination, Dr. John Churchill, Dean of Hendrix College, wrote the EEOC and informed them that Hendrix had changed its policy to conform with the ADEA's recordkeeping regulations. In addition, Dr. Churchill spoke with an individual at the EEOC and informed him of the change and then sent the EEOC a copy of the revised Faculty Handbook language. However, on July 28, 1993, when Hendrix refused to sign the EEOC's proposed conciliation agreement, the EEOC filed this enforcement action, alleging that Hendrix violated the ADEA's recordkeeping regulations by its policy of discarding all materials relating to unsuccessful faculty applicants. The EEOC's lawsuit asked the district court to permanently enjoin Hendrix from destroying applications and other materials and to order Hendrix to institute policies consistent with the recordkeeping requirements of the ADEA. No other relief was requested by the EEOC.

The district court granted Hendrix's motion for summary judgment, concluding that an injunction was not appropriate because the EEOC did not have any evidence that Hendrix continued to engage in any unlawful practices, and because the EEOC failed to demonstrate a substantial likelihood of a recurrence of the past violations. Arguing that the EEOC advanced its claim in bad faith, Hendrix then petitioned for attorney's fees pursuant to the Equal Access to Justice Act (EAJA), 28 U.S.C. § 2412(b). The district court granted Hendrix's petition and awarded fees in the amount of $4,246. The district court did not specify the legal basis for granting Hendrix's fee petition, nor did it make any findings to support its determination that Hendrix was entitled to a reasonable fee. It is from this order that the EEOC now appeals.

On appeal, the EEOC contends the district court erred in awarding attorney's fees for two reasons. First, the EEOC argues that Hendrix is not a prevailing party because it did not obtain a favorable judgment on the merits of the EEOC's claim. Second, the EEOC contends that even if Hendrix is a

---

1. The Honorable G. Thomas Eisele, Senior Judge, United States District Court for the Eastern District of Arkansas.

prevailing party, the district court abused its discretion in awarding attorney's fees because the EEOC did not prosecute this action in bad faith.

■ Although the ADEA does not provide for the payment of attorney's fees to a prevailing defendant, *Hoover v. Armco, Inc.,* 915 F.2d 355, 357 (8th Cir.1990), *cert. denied,* 499 U.S. 961, 111 S.Ct. 1585, 113 L.Ed.2d 650 (1991), a prevailing defendant may recover fees upon a showing that the plaintiff litigated the action in "bad faith, vexatiously, wantonly, or for oppressive reasons." *Id.* (quoting *Alyeska Pipeline Serv. Co. v. Wilderness Soc'y,* 421 U.S. 240, 258–59, 95 S.Ct. 1612, 1622, 44 L.Ed.2d 141 (1975)). In order to obtain fees in this case, Hendrix was required to show, first, that it is the prevailing party and, second, that the EEOC litigated this action in bad faith.

■ It is clear that Hendrix is a prevailing party for the purpose of awarding attorney's fees. The district court stated in its order that the "sole relief sought is injunctive," and concluded that the EEOC failed to demonstrate a substantial likelihood that the past conduct alleged to be illegal would recur. Thus, the court concluded that there was no basis for granting any relief. The EEOC argues that, because Hendrix merely avoided the imposition of injunctive relief, the district court's decision was not a judgment on the merits but instead was similar to a voluntary nonsuit or a dismissal for lack of subject matter jurisdiction. We disagree. We have held that in order to obtain prevailing party status, a defendant must be able to point to a favorable judicial declaration on the merits. *Marquart v. Lodge 837, Int'l Ass'n of Machinists,* 26 F.3d 842, 851–52 (8th Cir.1994). The district court rejected the EEOC's only argument presented that Hendrix should be enjoined from engaging in practices that violated the recordkeeping requirements of the ADEA. The court's refusal to grant the injunction necessarily involved a review of the merits of the EEOC's claim, namely that there was a substantial likelihood that the alleged illegal conduct would recur. Hendrix is the prevailing party where the EEOC fails to obtain the only relief it requested based on a review of the merits of the claim.

■ The EEOC then argues that even if Hendrix is the prevailing party, the district court nevertheless abused its discretion in awarding attorney's fees because Hendrix failed to show the EEOC pursued its claim in bad faith. The parties agree that a prevailing defendant in an ADEA case can recover attorney's fees only upon a showing that the plaintiff has litigated the action in bad faith. *See Hoover v. Armco, Inc., supra,* 915 F.2d at 357. The EEOC defends its decision to file suit in light of Hendrix's refusal to sign the proposed conciliation agreement and because of an earlier enforcement experience with Hendrix. According to the EEOC, these two occurrences called into question Hendrix's commitment to adhere to the ADEA's recordkeeping requirements, necessitating entry of an injunction against Hendrix. We disagree that these somewhat after-the-fact explanations can serve to validate an otherwise baseless lawsuit.

The EEOC was aware that Hendrix had voluntarily changed its recordkeeping policies; in fact, it received a copy of the new written policy and received a phone call and letter from the dean of the college pledging that Hendrix's policy had been changed and would be implemented. The district court found that Hendrix voluntarily changed its recordkeeping policy and had abided by that new policy without exception at the time the lawsuit was filed. Although the EEOC has the authority to make investigations to determine whether Hendrix was complying with the ADEA, it failed to avail itself of that option. Instead, it chose to file the lawsuit without any apparent factual basis to show that a substantial likelihood of a recurrence existed. Under these circumstances, we conclude the record sufficiently shows that the EEOC's lawsuit was initiated in bad faith.

■ The EEOC also argues the court abused its discretion in awarding fees because it failed to make factual findings or to articulate a legal basis to support the fee award. A district court's failure to make findings and its failure to state the legal basis for its attorney's fee award ordinarily necessitates remand unless the appellate court can affirm the award where "there is a reason-

able view of the record to support it." *EEOC v. Bruno's Restaurant,* 13 F.3d 285, 288 (9th Cir.1993). As previously stated, we hold the record sufficiently supports a conclusion that the EEOC litigated this action in bad faith.

Accordingly, the district court's grant of attorney's fees in favor of Hendrix is affirmed.