79 F.3d 1150
 NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
Otho L. HARRIS, Plaintiff-Appellant,
v.
Terry GABEL, Thomas P. Roth, Evertt Davis, et al.,
Defendants-Appellees.
 No. 94-3996.
 United States Court of Appeals, Seventh Circuit.
 Submitted March 14, 1996.[1]
Decided March 19, 1996.
 
 Before POSNER, Chief Judge, and MANION and KANNE, Circuit Judges.
 
 ORDER
 
 1
 Plaintiff Otho L. Harris, an inmate at an Illinois prison, filed a civil rights action, 42 U.S.C. § 1983, alleging that defendants, various prison employees, violated his rights under the First, Eighth, and Fourteenth Amendments. The district court entered summary judgment in favor of defendants, and we review that judgment de novo, to determine whether genuine issues of material fact remain, and whether defendants are entitled to judgment as a matter of law. Fed.R.Civ.P. 56(e).
 
 
 2
 Plaintiff alleges that defendants conspired to bring disciplinary charges against him, accusing him of demanding compensation from other inmates for legal services, in retaliation for his having previously filed a lawsuit against prison employees. Plaintiff asserts that after an inmate named Gregory Chamber struck him on the neck, he told the supervisor that he could not work with Chamber in the prison law library. Chamber then retaliated by reporting that plaintiff was charging inmates in return for legal work.
 
 
 3
 Plaintiff was sentenced to two months in segregation, two months of demotion to "C" grade, and two months revocation of good conduct credit. Until the finding of guilty is revoked or otherwise voided, he cannot raise this challenge in a § 1983 action. Heck v. Humphrey, 114 S.Ct. 2364 (1994); Miller v. Indiana Dept. of Corrections, 75 F.3d 330 (7th Cir.1996).
 
 
 4
 Plaintiff next alleges that his procedural due process rights were violated when he was found guilty of a disciplinary infraction based on unreliable evidence from confidential informants. The statements, however, were received individually, corroborated each other; and the committee expressly found the informants' statements credible. See Ryan v. Sargent, 969 F.2d 638, 641 (1992).
 
 
 5
 Plaintiff argues that he was denied equal protection of the law because other inmates received lesser punishment for similar offenses. Plaintiff points to an inmate who was merely banned from the library when he attempted to perform legal services for a fee, and another inmate who received a lenient punishment for charging other inmates for laundry services. Inconsistency in prison management does not support a constitutional claim. See Shango v. Jurich, 681 F.2d 1091, 1104 (7th Cir.1982).
 
 
 6
 Plaintiff next argues that he was denied meaningful access to the courts because while in segregation for 30 days he was denied direct access to legal research materials, and instead had to rely on an intermediary to deliver the materials to plaintiff. Reliance on an intermediary does not create a constitutional violation. See Brooks v. Buscher, 62 F.3d 176, 181-82 (7th Cir.1995); Jenkins v. Lane, 977 F.2d 266, 268 (7th Cir.1992); Campbell v. Miller, 787 F.2d 217, 227-28 (7th Cir.1986). The critical issue is whether plaintiff had meaningful access. The district court found that he did, and plaintiff cites nothing in his brief to indicate that indirect access to a prison law library does not meet constitutional standards.
 
 
 7
 There are two additional issues, confiscation of plaintiff's proposed class action complaint from the library bulletin board and the incident involving Chamber punching plaintiff; however, we will not address these issues because they were not argued in plaintiff's opening brief.
 
 
 8
 For the reasons stated, the judgment of the district court is AFFIRMED.
 
 
 
 [1]
 After preliminary examination of the briefs, the court notified the parties that it had tentatively concluded that oral argument would not be helpful to the court in this case. The notice provided that the parties could file a "Statement as to Need of Oral Argument. See Fed.R.App.P. 34(a); Cir.R. 34(f). The parties have not filed a statement in response to the court's Rule 34 notice, and thus the appeal is submitted on the parties' briefs and the record