# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 00-2484

_____

Harold Dotson,      *

              *

     Appellant,      *

              *    Appeal from the United States

       v.      *    District Court for the Eastern

              *    District of Arkansas.

Delta Consolidated Industries, Inc.,      *

              *

     Appellee.      *

_____

Submitted:  February 16, 2001

Filed: May 31, 2001

_____

Before WOLLMAN, Chief Judge, and BRIGHT and MORRIS SHEPPARD ARNOLD, Circuit Judges.

_____

MORRIS SHEPPARD ARNOLD, Circuit Judge.

Harold Dotson, a black man, was a material handler in the shipping department of Delta Consolidated Industries, Inc., when his group leader resigned, creating an opening for a group leader. Matthew Vaughn, a white co-worker of Mr. Dotson, applied for and received the position.

Mr. Dotson subsequently sued Delta under Title VII of the Civil Rights Act of 1964, *see* 42 U.S.C. § 2000e through § 2000e-17, alleging race discrimination. The

district court[1] granted summary judgment to Delta, and Mr. Dotson appealed. We affirm the judgment of the district court.

## I.

To establish a submissible failure-to-promote case under Title VII, Mr. Dotson must first make a *prima facie* case, that is, he must show that he is a member of a protected group, that he was qualified for and applied for a promotion for an available position, and that he was rejected for that position. He must also prove that a similarly situated employee, outside the protected group, was promoted instead. *See Rose-Maston v. NME Hospitals, Inc.*, 133 F.3d 1104, 1109 (8th Cir. 1998).

We hold that Mr. Dotson failed to establish a *prima facie* case. In particular, he did not show that he applied for a promotion for an available position and was rejected, because, on the present record, no reasonable fact finder could conclude that he ever submitted an application to Delta for the group leader's position, or ever indicated to anyone in Delta's management that he wanted the job. In his deposition, Mr. Dotson testified that he was waiting for Delta to post a notice of the opening for a group leader before he applied for it. He also stated that he "may" have talked to some of his supervisors about the situation, but he admitted that he asked them only general questions regarding Delta's plans for filling the vacant position and did not mention to any of them that he wanted a chance to apply for the job.

Despite his deposition testimony, Mr. Dotson disputes the facts that he did not apply for the opening for a group leader and that he never informed Delta's management of his interest in the job. He points to an affidavit that he filed in the district court that stated that he discussed the job opening with his supervisors and asked to be considered for it. Because this account of what happened differed from Delta's

---

[1]The Honorable William R. Wilson, United States District Judge for the Eastern District of Arkansas.

account, Mr. Dotson maintains that a question of material fact existed that precluded the district court from granting summary judgment to Delta. We reject this contention, because we have held many times that a party may not create a question of material fact, and thus forestall summary judgment, by submitting an affidavit contradicting his own sworn statements in a deposition. *See*, *e.g.*, *American Airlines, Inc. v. KLM Royal Dutch Airlines, Inc.*, 114 F.3d 108, 111 (8th Cir. 1997), and *Camfield Tires, Inc. v. Michelin Tire Corp.*, 719 F.2d 1361, 1364-65 (8th Cir. 1983).

Mr. Dotson also stated in his affidavit that he was never given a chance to apply for the group leader's position because Delta never posted a notice indicating that it was accepting applications for the job. Even if a racially motivated failure to post a job opportunity might conceivably relieve a plaintiff of the need to prove, as part of the required *prima facie* showing, that he or she applied for the job, this is not such a case. The mere failure to post the opening in this instance cannot give rise to a reasonable inference that the failure was racially motivated because it is uncontroverted that Delta never posted a notice for any available position at any time before it promoted Mr. Vaughn. All of Delta's employees, regardless of race, were supplied with the same amount of information about job openings, and in the same way. *Cf. Shannon v. Ford Motor Co.*, 72 F.3d 678, 681-84 (8th Cir. 1996).

Besides, although Delta never officially announced that it had an available position to fill, Mr. Dotson was undeniably aware of the job opening. With that knowledge, Mr. Dotson could have more actively indicated an interest in being a candidate for the position.

## II.

In sum, because Mr. Dotson failed to show that he applied for the relevant job, he failed to make a *prima facie* case that he was discriminated against because of his race. We therefore affirm the district court's grant of summary judgment to Delta.

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.