# United States Court of Appeals

## FOR THE EIGHTH CIRCUIT

_____

No. 01-1133

_____

|  |  |  |
|---|---|---|
| Robert Lee Carter, Sr., | * | |
| | * | Appeal from the United States |
| Appellant, | * | District Court for the Eastern |
| | * | District of Missouri. |
| v. | * | |
| | * | |
| St. Louis Board of Education, | * | [UNPUBLISHED] |
| | * | |
| Appellee. | * | |

_____

Submitted: August 24, 2001
Filed: November 13, 2001

_____

Before WOLLMAN, Chief Judge, MORRIS SHEPPARD ARNOLD, and BYE, Circuit Judges.

_____

PER CURIAM.

Robert Lee Carter, Sr., appeals the district court's[1] adverse grant of summary judgment in his age and reverse sex discrimination action against his former employer, the St. Louis Board of Education (Board). Carter's 1999 complaint alleged that the Board promised him advancement from substitute clerk to a permanent position, Operator II Step E, but instead placed him in a lower, Clerk I Step A,

_____

[1]The Honorable Terry I. Adelman, United States Magistrate Judge for the Eastern District of Missouri, to whom the case was referred for final disposition by consent of the parties pursuant to 28 U.S.C. § 636(c).

position, while promoting less experienced white female substitute clerks to higher levels.

After de novo review, we conclude that judgment for the Board was proper as to both sex and race because Carter did not make a prima facie case of disparate treatment by showing the individuals with whom he sought to compare himself performed comparable jobs, see Harvey v. Anheuser-Busch, Inc., 38 F.3d 968, 971-73 (8th Cir. 1994), or were similarly situated, see Taylor v. Southwestern Bell Tel. Co., 251 F.3d 735, 738, 740 (8th Cir. 2001); nor did Carter demonstrate that he applied for and was denied the positions they obtained, see Dotson v. Delta Consol. Indus., Inc., 251 F.3d 780, 781 (8th Cir. 2001). As to his replacement, Carter did not show the Board's reasons for placing her at a higher step level--her greater experience and skills, and her higher private-sector salary--were pretextual. See Harvey, 38 F.3d at 969, 972.

We also hold that the district court did not abuse its discretion in denying Carter's motion "to combine complaints" (to amend his complaint to add a retaliation claim), because it did so without prejudice to his ability to renew the motion. See Ryan v. Sargent, 969 F.2d 638, 641 (8th Cir. 1992) (disposition of motion to amend is within sound discretion of district court). To the extent Carter challenges any other rulings of the district court, his arguments are without merit. We do not consider claims Carter attempts to raise for the first time on appeal. See Tarsney v. O'Keefe, 225 F.3d 929, 939 (8th Cir. 2000).

Accordingly, we affirm the judgment of the district court.

A true copy.

     Attest:

          CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.