# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

Nos.  02-1478/2334

_____

Darius J. Whitson, Sr.                  *
                                        *
            Appellant,                  *
                                        *        Appeal from the United States
        v.                              *        District Court for the
                                        *        Eastern District of Missouri.
Marriott Pavillon Hotel; Marriott       *
Hotel Services, Inc.; Marriott          *        [UNPUBLISHED]
International, Inc.; MII Conference      *
Center, Inc.; Marriott Greenbelt        *
Hotel Services, Inc.,                   *
                                        *
            Appellees.                  *

_____

Submitted: October 28, 2002

Filed:   October 31, 2002

_____

Before MORRIS SHEPPARD ARNOLD, BEAM, and RILEY Circuit Judges.

_____

PER CURIAM.

    Darius Whitson brought suit against various Marriott defendants ["Marriott"]
alleging race and age discrimination after he was denied employment as a

housekeeping aide. The magistrate judge[1] granted Marriott's motion to dismiss the race discrimination claim and Marriott's motion for summary judgment on the age discrimination claim. The magistrate judge also denied Whitson's motion for sanctions and fees and granted Marriott's motion for court costs and attorney fees. Whitson appeals these rulings. We affirm.

We review de novo the magistrate judge's dismissal of a race-discrimination claim and its grant of summary judgment in an age discrimination claim. Garner v. Arvin Indus., Inc., 77 F.3d 255, 257 (8th Cir. 1996). Upon review, we agree with the magistrate judge that Whitson did not exhaust his administrative remedies with respect to the race discrimination claim because he did not bring an EEOC charge alleging race discrimination. Williams v. Little Rock Mun. Water Works, 21 F.3d 218 (8th Cir. 1994). We also find that Whitson failed to prove his prima facie case of age discrimination because he was not qualified for the position. See McDonnell Douglas Corp. v. Green, 411 U.S. 792, 802 (1973); Schiltz v. Burlington N. R.R., 115 F.3d 1407, 1412 (8th Cir. 1997). His claims were therefore properly dismissed.

We review the magistrate judge's award of court costs and attorney fees for abuse of discretion. Lee-Thomas, Inc. v. Hallmark Cards, Inc., 275 F.3d 702, 708 (8th Cir. 2002); Sugarbaker v. SSM Health Care, 187 F.3d 853, 857 (8th Cir. 1999). Court costs are awarded to the prevailing party as a matter of course. Fed. R. Civ. P. 54(d)(1). In order to deter baseless age discrimination suits, attorney fees may be assessed if the defendant establishes that the plaintiff litigated in bad faith. E.E.O.C. v. Hendrix Coll., 53 F.3d 209, 211 (8th Cir. 1995). While this standard is more stringent than the standard for awarding court costs, in this case there were numerous reasons to find that Whitson litigated in bad faith. Therefore we find no abuse of

[1]The Honorable David D. Noce, United States Magistrate Judge for the Eastern District of Missouri. The parties consented to trial before a United States Magistrate Judge pursuant to 28 U.S.C. § 636(c), with direct review to this court.

discretion in the award of costs and fees to the prevailing defendants. The judgment of the magistrate judge is affirmed.

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.