# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

Nos. 03-1216/03-1618

_____

| | | |
|---|---|---|
| Darius Whitson, | * | |
| | * | |
| Appellant, | * | |
| | * | Appeal from the United States |
| v. | * | District Court for the |
| | * | Eastern District of Missouri. |
| LM Services Corporation, doing | * | [UNPUBLISHED] |
| business as Sheraton Hotel at West | * | |
| Port Plaza; Jim Grant, Human Resource | * | |
| Director; Mitch Bolen, General | * | |
| Manager, doing business as Sheraton | * | |
| Inn at Westport, General Manager for | * | |
| LM Services, | * | |
| | * | |
| Appellees. | * | |

_____

Submitted:  June 30, 2003

Filed:  July 3, 2003

_____

Before WOLLMAN, FAGG, and HANSEN, Circuit Judges.

_____

PER CURIAM.

Darius Whitson appeals the district court's[1] adverse grant of summary judgment, and the court's subsequent award of costs and attorney's fees to defendant,

_____

[1]The Honorable Stephen N. Limbaugh, United States District Judge for the Eastern District of Missouri.

in Whitson's action alleging employment discrimination under Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e et seq. We affirm.

Having carefully reviewed the record, we find that the district court properly granted summary judgment to LM Services Corporation (LM) on Whitson's claim that he was denied promotions based on his race. Whitson did not establish a prima facie case of discrimination with respect to four of the five positions at issue. See Dotson v. Delta Consol. Indus., 251 F.3d 780, 781 (8th Cir. 2001) (elements of prima facie case). Specifically, Whitson failed to show that he was qualified for the positions of Night Manager or Night Auditor, that the Line Prep and Chef's Assistant position was ever open or filled, or that the shipping-and-receiving position was filled by someone outside his protected class. As to the Security Officer position, Whitson failed to rebut LM's legitimate, nondiscriminatory reason for not promoting him-- concerns over his customer-service skills and a written warning in his file. See St. Mary's Honor Ctr. v. Hicks, 509 U.S. 502, 507-08 (1993) (if employer raises legitimate, nondiscriminatory reason, burden of production shifts back to plaintiff to show pretext). We further find that the magistrate judge[2] properly dismissed the individual defendants. See Bales v. Wal-Mart Stores, Inc., 143 F.3d 1103, 1111 (8th Cir. 1998) (Title VII does not impose liability on employer's employees, agents, or officers).

In addition, we conclude that the district court did not abuse its discretion in awarding attorney's fees, based on its finding that Whitson litigated in bad faith, see Meriwether v. Caraustar Packaging Co., 326 F.3d 990, 994 (8th Cir. 2003) (standard of review); EEOC v. Hendrix Coll., 53 F.3d 209, 211 (8th Cir. 1995) (attorney fees may be assessed in discrimination case if defendant establishes plaintiff litigated in

_____

[2]The Honorable Mary Ann L. Medler, United States Magistrate Judge for the Eastern District of Missouri, to whom the case was initially referred for final disposition by consent of the parties pursuant to 28 U.S.C. § 636(c).

bad faith), or in awarding court costs, <u>see</u> Fed. R. Civ. P. 54(d); <u>Lee-Thomas, Inc. v. Hallmark Cards, Inc.</u>, 275 F.3d 702, 708 (8th Cir. 2002) (standard of review).

Accordingly, the judgment is affirmed.

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.