# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 05-2956

_____

Don Davis; Audrey Davis,            *
                                    *
        Appellants,                 *
                                    *       Appeal from the United States
    v.                              *       District Court for the Eastern
                                    *       District of Missouri.
City of St. John; Terry Milan, City *
Manager, personally; Jim Phillips,  *       [UNPUBLISHED]
Inspector; Robert Poteet, Inspector,*
                                    *
        Appellees.                  *

_____

Submitted: March 17, 2006
Filed: June 5, 2006

_____

Before ARNOLD and SMITH, Circuit Judges, and MAGNUSON,[1] District Judge.

_____

PER CURIAM.

When Don and Audrey Davis sought leave to file a second amended complaint in their suit under 42 U.S.C. § 1983 against the City of St. John and several city employees, the district court[2] denied it. The court then granted the defendants' motion

_____

[1]The Honorable Paul A. Magnuson, United States District Judge for the District of Minnesota, sitting by designation.

[2]The Honorable Donald J. Stohr, United States District Judge for the Eastern District of Missouri.

for summary judgment. Mr. and Ms. Davis appeal, contending that the court erred in denying their motion to amend and in striking Mr. Davis's affidavit filed in opposition to summary judgment. We affirm.

We review the district court's denial of a motion to amend for an abuse of discretion. *United States ex rel. Joshi v. St. Luke's Hosp., Inc.*, 441 F.3d 552, 555 (8th Cir. 2006). After this action was filed, the district court conferred with counsel for the parties and entered a pretrial scheduling order. *See* Fed. R. Civ. P. 16. The Davises moved to amend their complaint over eight months after the order's deadline for the amendment of pleadings. We have held that a district court may properly require that good cause be shown for leave to file an amended pleading that is substantially out of time under the court's Rule 16 pretrial scheduling order. *Rainy Lake One Stop, Inc. v. Marigold Foods (In Re: Milk Prods. Antitrust Litig.)*, 195 F.3d 430, 437 (8th Cir. 1999), *cert. denied*, 529 U.S. 1038 (2000). The primary measure of whether good cause exists is the moving party's diligence in trying to meet the order's requirements. *Bradford v. DANA Corp.*, 249 F.3d 807, 809 (8th Cir. 2001). Here, the plaintiffs have not shown such diligence. Almost all of the information that the Davises sought to add to their complaint had been in their possession well before the suit began, and yet they did not seek its inclusion until after the parties had completed discovery and the defendants had moved for summary judgment. We conclude that the district court did not abuse its discretion in denying the motion to amend.

The plaintiffs also contend that the district court erred by granting the defendants' motion to strike Mr. Davis's affidavit, rather than considering it when ruling on the summary judgment motion. We again review the court's ruling for an abuse of discretion. *Davis v. U.S. Bancorp*, 383 F.3d 761, 765 (8th Cir. 2004). In construing the first amended complaint, the district court concluded that the only issue at summary judgment was whether the defendants had violated the plaintiffs' equal-protection rights by selectively enforcing the law. Mr. Davis said in his deposition that he could not identify any other property owners whom the defendants had treated

differently from him. In his affidavit, however, he asserted that he was aware of such individuals, though he did not name them. The affidavit directly contradicted Mr. Davis's earlier testimony, and the plaintiffs made no attempt to explain this discrepancy by filing a response to the motion to strike. We therefore conclude that the district court was within its discretion in striking Mr. Davis's affidavit. *See Dotson v. Delta Consol. Indus.*, 251 F.3d 780, 781 (8th Cir. 2001).

For the foregoing reasons, we affirm the judgment of the district court.

_____