James Edward FLANAGAN, Plaintiff,

v.

HAVERTYS FURNITURE
COS, INC., Defendant.

No. SA–06–CA–224–OG.

United States District Court,
W.D. Texas,
San Antonio Division.

Dec. 27, 2006.

Charles Dana Butts, Law Offices of
Charles D. Butts, Stephen F. White, Law

Offices of Stephen F. White, PC, San Antonio, TX, for Plaintiff.

Larry Edward Gee, Robert D. Kilgore, Ball & Weed, PC, San Antonio, TX, for Defendant.

## ORDER DENYING MOTION FOR ATTORNEYS' FEES

GARCIA, District Judge.

Before the Court is defendant Havertys Furniture Company's Motion for Attorney Fees as Prevailing Party filed November 28, 2006. On December 5, 2006, the Court received Havertys' reply to plaintiff's response to its motion, but the Court has not received plaintiff's response. The time for filing the response has expired. Local Rule CV–7(d). The Court will review the motion and reply.

■ The court has discretion to award attorneys' fees to the prevailing party in an ADA case.

> In any action or administrative proceeding commenced pursuant to this chapter, the court or agency, in its discretion, may allow the prevailing party, other than the United States, a reasonable attorney's fee, including litigation expenses, and costs, and the United States shall be liable for the foregoing the same as a private individual.

42 U.S.C. § 12205. When the prevailing party is the defendant, as in this case, a court must find that the plaintiff's action was "frivolous, unreasonable, or groundless, or that the plaintiff continued to litigate after it clearly became so" before awarding attorneys' fees. *Christiansburg Garment Co. v. EEOC*, 434 U.S. 412, 422, 98 S.Ct. 694, 54 L.Ed.2d 648 (1978).

■ In contrast, the ADEA contains no such "prevailing party" provision. The Fair Labor Standards Act's (FLSA) attorney's fee statute (which applies to ADEA actions, 29 U.S.C. § 626(b)) mandates only that a district court award attorneys' fees

to a plaintiff who is a "prevailing party." 29 U.S.C. § 216(b). Havertys argues that the Fifth Circuit in *Purcell v. Seguin State Bank and Trust Co.*, 999 F.2d 950 (5th Cir.1993), adopted the "prevailing party" standard of the FLSA. *Purcell*, however, concerned a prevailing *plaintiff's* recovery of attorneys' fees. *Purcell*, 999 F.2d at 961. FLSA § 216(b), relied on in *Purcell*, provides that the "court in such action shall, in addition to any judgment awarded to the plaintiff or plaintiffs, allow a reasonable attorney's fee to be paid *by the defendant.*" (emphasis added). *Id.* It does not provide for an award of attorneys' fees to a defendant or to a "prevailing party."

■ In the absence of an express provision in the ADEA or FLSA that permits an award of attorney's fees to a prevailing party, the "American Rule" applies and the defendant must show bad faith on the plaintiff's part in order for a district court to award attorney's fees to a prevailing defendant. *See, e.g., Turlington v. Atlanta Gas Light Co.*, 135 F.3d 1428, 1437 & n. 19 (11th Cir.1998) (prevailing ADEA defendant is entitled to attorneys' fees only upon a finding that plaintiff litigated in bad faith); *EEOC v. Hendrix College*, 53 F.3d 209, 211 (8th Cir.1995) (same); *EEOC v. O & G Spring & Wire Forms Specialty Co.*, 38 F.3d 872, 883 (7th Cir.1994) (same); *Gray v. New England Tel. & Tel. Co.*, 792 F.2d 251, 260 & n. 1 (1st Cir.1986) (same); *see also Alyeska Pipeline Serv. Co. v. Wilderness Soc'y*, 421 U.S. 240, 258–59, 95 S.Ct. 1612, 44 L.Ed.2d 141 (1975) (courts have "inherent power" to assess attorney's fees where a losing party has "acted in bad faith, vexatiously, wantonly, or for oppressive reasons.").

■ Havertys does not directly address either the frivolous or the bad faith standards in its motion. With regard to plaintiff's claims under the ADEA, the Court found that plaintiff could not establish a

prima facie claim of age discrimination. (Docket no. 19 at 6.) Further, although the Court struck plaintiff's late-filed response to Havertys' summary judgment motion and did not consider it in its summary judgment order, the Court notes that plaintiff abandoned his age discrimination claim in that response. Plaintiff stated that after examining Havertys' age discrimination argument in its summary judgment motion, plaintiff agreed that "there is insufficient evidence to support the 'Age Discrimination' issue." (Docket no. 16 at 1.)

 Although plaintiff's age discrimination claim is without merit, the Court does not find that plaintiff or his counsel acted in bad faith. The Fifth Circuit has observed that "[t]he bad-faith exception to the American rule ... punishes abuses of the litigation process." *Guevara v. Maritime Overseas Corp.*, 59 F.3d 1496, 1503 (5th Cir.1995). In other words, the bad-faith exception does not address conduct underlying the substance of the case; rather, it refers to the conduct of the party and the party's counsel during the litigation of the case. There must be evidence of "bad faith, improper motive, or reckless disregard of the duty owed to the court." *Edwards v. General Motors*, 153 F.3d 242, 246 (5th Cir.1998). It occasionally happens after discovery has concluded that litigants realize the evidence to support one or more of their claims is lacking and move to dismiss those claims. Such conduct should be encouraged rather than punished. The Court does not find on this record that the age discrimination claim was brought in bad faith or for oppressive reasons or that counsel abused the litigation process.

Plaintiff's ADA claims were more substantial. The Court held that plaintiff was unable to make a prima facie claim of disability discrimination. (Docket no. 19 at 8.) This conclusion, however, required a thorough review of the evidence presented by Havertys. The Court does not find that plaintiff's ADA action was frivolous, unreasonable, or without foundation.

Havertys' motion for attorneys' fees (docket no. 22) is DENIED, and the parties shall bear their own costs.