**Robert E. HOOVER, Plaintiff,**

v.

**ARMCO, INC., et al., Defendants.**

**No. 86–0276–CV–W–8.**

United States District Court,
W.D. Missouri, W.D.

Aug. 4, 1988.

Ronald R. Holliger, Steven L. Hobson, Stites, Holliger & Knepper, P.A., Kansas City, Mo., for plaintiff.

Brian J. Finucane, Stephen D. Kort, Watson, Ess, Marshall & Enggas, Kansas City, Mo., for defendants.

## ORDER

STEVENS, District Judge.

Plaintiff brought suit against defendant Armco, Inc. (Armco) for violations of the Age Discrimination in Employment Act (ADEA), 29 U.S.C. § 621 *et seq.* and against Armco and defendant Armco, Inc. Noncontributory Pension Plan for violations of the Employee Retirement Income Security Act (ERISA), 29 U.S.C. § 1132. The court granted Armco's motion for summary judgment on plaintiff's March 1982 demotion claim. The remaining portions of plaintiff's ADEA claim, including his claim of retaliatory discharge, were tried to a jury which found in favor of defendant. The court granted defendants' motion for summary judgment on plaintiff's ERISA claims on April 6, 1988. The case is currently before the court on plaintiff's motion for a new trial on the ADEA claims and on defendants' motion for attorney's fees for both the ADEA and ERISA claims. The court will address each of these motions in turn.

### I. *Motion for New Trial*

Plaintiff asks this court to grant a new trial because of several evidentiary rulings which he argues the court erred in making.[1] A district court may grant a motion for a new trial if it believes that "the verdict was against the clear weight of the evidence." *Lincoln Carpet Mills, Inc. v. Singer Co.,* 549 F.2d 80, 82 (8th Cir.1977)

(citations omitted). The court should grant the motion "only where, after a review of all the evidence giving full respect to the jury's verdict, the court is left with a definite and firm conviction that the jury has erred." *Ryan By Ryan v. McDonough Power Equipment, Inc.,* 734 F.2d 385, 387 (8th Cir.1984).

■ The court does not find plaintiff's evidentiary arguments persuasive nor can it hold that the jury reached a verdict unsupported by the evidence. The court made an extensive record at trial in regard to its evidentiary rulings. For example, the court permitted plaintiff's attorney to identify the properties listed on plaintiff's net worth statement that were held jointly with his wife and the properties that were held solely by his wife and children. Thus, plaintiff's attorney had the opportunity to argue to the jury that some information on the statement[2] did not directly pertain to plaintiff's individual net worth. Despite plaintiff's argument to the contrary, the court stands by its earlier ruling that the net worth information was relevant to the case. Defendant maintained throughout trial that plaintiff's difficulties at Armco stemmed from his poor attitude. According to defendant's theory of the case, this poor attitude was caused by the fact that plaintiff did not want to work in what he considered a "low paying" security guard position when he was able to live comfortably from his assets and any pension benefits for which he was eligible.

■ Similarly, the court excluded evidence of Armco's financial condition in locations other than Kansas City and the proffered testimony of a nonsupervisory

---

1. Specifically, plaintiff argues that the court erred by excluding evidence of allegedly discriminatory remarks made prior to the time when plaintiff's claim arose, by not allowing him to introduce evidence of Armco's financial condition in areas other than Kansas City, by prohibiting him from introducing evidence of his denial for two pension funds and by not allowing him to introduce testimony of a coemployee about his performance. Plaintiff also argues that the court erred in allowing defendant to introduce evidence of plaintiff's net worth (including figures relating to the net worth of

plaintiff's wife and children) and the Kansas City Missouri Human Relations Department's finding of "no probable cause" of discrimination. Finally, plaintiff argues that the court erroneously instructed the jury on the definition of "a determining factor" and "sole cause."

2. The court also noted that plaintiff provided this information to defendant during discovery. He had the opportunity at that time to provide information relating only to his own property holdings.

employee who would have testified about plaintiff's performance because it found that the evidence was not relevant to plaintiff's claim. Plaintiff's suggestions in support of his motion do not raise any new arguments in regard to these rulings and, therefore, the court concludes that the evidentiary rulings made at trial were correct and that substantial evidence existed from which the jury could find for defendant on the ADEA claims.

## II. *Motion for Fees*

Defendants have filed a motion to recover the attorney's fees incurred while defending this case. While the ADEA does not provide for attorney's fees to prevailing defendants, ERISA specifically states that "the court in its discretion may allow a reasonable attorney's fee and costs of action to either party." 29 U.S.C. § 1132(g). Since different standards govern the award of fees under each statute, the court will address each statute's requirements individually.

First, defendants argue that they should be awarded attorney's fees incurred in defending plaintiff's various ADEA claims: the discriminatory transfer in March 1982, the discriminatory denial of the Rule of 65 pension, the discriminatory transfer to the plant protection department in June 1983, the discriminatory failure to promote in June 1983 and the retaliatory discharge claim. Defendants argue that "[e]ach of these claims was patently without merit." Defendants' Motion at 2.

The ADEA authorizes the award of attorney's fees to prevailing plaintiffs but the statute does not authorize such an award to prevailing defendants. As a result, "attorney's fees may be awarded to prevailing defendants in age discrimination cases only under the bad faith exception to the American Rule...." *Cova v. Coca-Cola Bottling Co. of St. Louis, Inc.,* 574 F.2d 958, 962 (8th Cir.1978). The American Rule provides that "each party is responsible for his or her own fees unless a statute or enforceable contract provides otherwise." *Actors' Equity Association v. American Dinner Theatre Institute,* 802 F.2d 1038, 1041 (8th Cir.1986). *See also Alyeska Pipeline Service Co. v. Wilderness Society,* 421 U.S. 240, 257, 95 S.Ct. 1612, 1621, 44 L.Ed.2d 141 (1975).

An exception to this rule authorizes a court to award attorney's fees to the prevailing party "when the losing party has 'acted in bad faith, vexatiously, wantonly, or for oppressive reasons.'" *Alyeska,* 421 U.S. at 257–58, 95 S.Ct. at 1621–22 (quoting *F.D. Rich Co., Inc. v. United States, ex rel. Industrial Lumber Co.,* 417 U.S. 116, 129, 94 S.Ct. 2157, 2165, 40 L.Ed.2d 703 (1974)). *See also Fisher v. CPC International, Inc.,* 591 F.Supp. 228, 237 (W.D.Mo. 1984). The purpose behind the exception is to punish the individual who brings a suit in bad faith rather than to compensate the victim. *Actors' Equity,* 802 F.2d at 1042. As a result, fee shifting should occur only "when extraordinary circumstances or dominating reasons of fairness so demand." *Id.* (quoting *Nepera Chemical, Inc. v. Sea-Land Service, Inc.,* 794 F.2d 688, 702 n. 109–110 (D.C.Cir.1986)).

The Supreme Court has held that fees may be awarded in a Title VII discrimination case "upon a finding that the plaintiff's action was frivolous, unreasonable, or without foundation, even though not brought in subjective bad faith." *Christiansburg Garment Co. v. Equal Employment Opportunity Commission,* 434 U.S. 412, 421, 98 S.Ct. 694, 700, 54 L.Ed.2d 648 (1978). In determining whether an action was frivolous the district court must

resist the understandable temptation to engage in *post hoc* reasoning by concluding that, because a plaintiff did not ultimately prevail, his action must have been unreasonable or without foundation. This kind of hindsight logic could discourage all but the most airtight claims for seldom can a prospective plaintiff be sure of ultimate success. No matter how honest one's belief that he has been the victim of discrimination, no matter how meritorious one's claim may appear at the outset, the course of litigation is rarely predictable. .... Even when the law or the facts appear questionable or unfavorable at the outset, a party may

have an entirely reasonable ground for bringing suit.

*Id.* at 421–22, 98 S.Ct. at 700–01.

While the Court in *Christiansburg* was deciding whether to award fees in a Title VII case, the reasoning applies equally to an ADEA case since both statutes provide for an award of attorney's fees only to prevailing plaintiffs. Similarities such as this one have prompted the Supreme Court to hold that the ADEA and Title VII are to be construed similarly, giving further credence to the court's view that *Christiansburg* is pertinent to this case. *See, e.g., Oscar Mayer & Co. v. Evans,* 441 U.S. 750, 755, 99 S.Ct. 2066, 2071, 60 L.Ed.2d 609 (1979).

Mindful of the Supreme Court's admonition in *Christiansburg* not to engage in *post hoc* reasoning, the court finds that while attorney's fees should be awarded to defendant in regard to plaintiff's March 1982 demotion claim and his retaliation claim, fees should not be awarded on plaintiff's remaining ADEA claims. The court reaches this conclusion after a careful consideration of the facts presented on each of these claims.

■ The court granted defendants' motion for summary judgment on plaintiff's March 1982 demotion claim after finding that plaintiff did not file an EEOC discrimination charge within 180 days after the alleged conduct occurred as required by the ADEA. The court found that even if the 120–day deferral provision of the ADEA applied, as plaintiff argued, the action was still untimely.

This court has previously held that a defendant may be awarded attorney's fees when a plaintiff files an untimely age discrimination claim with the EEOC. *See Fisher,* 591 F.Supp. at 234. Plaintiff argues, however, that filing an untimely claim is not indicative of bad faith since the filing of a charge with the EEOC "is not jurisdictional but is similar to a statute of limitations and therefore subject to equitable tolling." *Nielsen v. Western Electric Co., Inc.,* 603 F.2d 741, 743 (8th Cir. 1979). Unlike the situation in *Nielsen,* plaintiff in the present case did not make a good faith equitable tolling argument in regard to the 1982 demotion. Indeed, plaintiff conceded that "his March 1982 transfer [3] may not be remedied under [the] ADEA." Plaintiff's Suggestions in Opposition to Defendant's Motion for Partial Summary Judgment at 3. As a result, the court finds that attorney's fees should be awarded with regard to plaintiff's March 1982 demotion claim.[4]

■ Similarly, defendant should be awarded attorney's fees for the expenses incurred defending plaintiff's retaliation claim. In this charge plaintiff alleged that he was discharged from his position as a security guard in retaliation for the fact that he had filed discrimination complaints with respect to his previous two demotions. Defendant, on the other hand, argued that it discharged plaintiff after he took an unauthorized vacation. The unrebutted testimony at trial was that plaintiff took annual ski vacations to Colorado with his wife and several other couples. In late 1985 or early 1986 he had asked for time off so that he could take this annual vacation in February

---

3. The words "transfer" and "demotion" were used interchangeably by the parties in their briefs and throughout trial.

4. Plaintiff argues here, as he did in his opposition to the summary judgment motion, that he pled the March 1982 demotion because it was relevant to defendant's subsequent discriminatory intent. This explanation does not provide a basis for pleading the demotion as an additional claim, however. Complaints should contain "only a short and plain statement of the claim showing that the pleader is entitled to relief." Fed.R.Civ.P. 8(a)(2). The complaint need not contain the evidentiary basis for each of plain-

tiff's allegations. *See, e.g., Miener v. Special School District of St. Louis County, Missouri,* 607 F.Supp. 1425, 1427 (E.D.Mo.1985), *aff'd in part, reversed in part sub nom., Miener by and through Miener v. State of Missouri,* 800 F.2d 749 (8th Cir.1986) ("[a] complaint is sufficient if it 'contain(s) allegations from which an inference fairly may be drawn that evidence on these material points will be introduced at trial.'") (quoting 5 Wright & Miller, *Federal Practice and Procedure:* Civil § 1216 at 20 (1969)). Therefore, plaintiff's argument, which suggests that he had to plead the March 1982 demotion, must fail.

1986. Armco officials told plaintiff he could not take a vacation since he had just returned from a leave of absence on December 2, 1985.[5]

On February 20 plaintiff submitted an Employee Absentee Report stating that he would not be at work the following day. On February 21 plaintiff and his wife flew to Colorado to visit his ailing father-in-law. Plaintiff testified that he did not have time to ask permission to leave because he found out about his father-in-law's illness the evening of February 20 when he spoke with his mother-in-law. He explained that his wife had planned to leave for Colorado on February 21 and that he decided to go with her at the last minute after hearing about his father-in-law's illness. He testified on cross-examination, however, that the tickets had been purchased on February 15 or 16, four or five days before he learned about his father-in-law's illness.

Plaintiff and his wife visited his father-in-law in Colorado Springs for two or three days and then spent a week skiing at Breckenridge and Copper Mountain. After the ski trip ended they returned to Colorado Springs, visited with his father-in-law briefly, and then returned to Kansas City. When plaintiff arrived at work two days after his return from Colorado [6] Armco officials asked him to turn in his badge and told him that they would be in touch with him. A week later an Armco official told plaintiff that he had been dismissed.

Based on these facts the court agrees with defendant's contention that the retaliation claim was brought in bad faith. Plaintiff deliberately walked off the job knowing that his earlier request for leave had been denied. He made no effort to contact Armco while he was away and he admitted that he spent a good portion of the week at ski resorts and not with his ailing father-in-law. Based on these facts

the court holds that plaintiff's retaliation claim was without foundation and is the type of case which "should never have been filed." *Fisher*, 591 F.Supp. at 237. As a result, defendants are entitled to all fees incurred defending this claim.

The court will deny defendant's motion as to plaintiff's remaining ADEA charges.[7] Although the court holds today that evidence existed to support the jury's verdict for defendant, the court does not find that this evidence was so totally unbalanced that the remaining claims may be called "unreasonable or without foundation." *Christiansburg*, 434 U.S. at 421, 98 S.Ct. at 700. Thus, while hindsight might suggest that these claims should not have been brought, the court cannot hold that they were brought in bad faith. As a result, defendant's motion will be denied as to these claims.

### III. *ERISA Claims*

Count III of plaintiff's complaint alleged that defendants arbitrarily and capriciously denied his applications for Rule of 65 and Rule of 70/80 pensions. On April 6, 1988, the court granted summary judgment on this claim, noting that federal courts can overturn decisions of private pension fund fiduciaries "only if the decision is arbitrary, capricious or an abuse of discretion." *Lawrence v. Westerhaus*, 780 F.2d 1321, 1322 (8th Cir.1985). *Accord Redmond v. Burlington Northern Railroad Company Pension Plan*, 821 F.2d 461, 465 (8th Cir. 1987). April 6 Order at 6. After reviewing the requirements for each of the pensions the court found that plaintiff did not meet the eligibility criteria for either plan. Consequently, the court held that the decision to deny the pensions was not arbitrary or capricious and defendant's motion for summary judgment was granted. *Id.* at 7.

ERISA provides that a district court may award reasonable attorney's fees to either

---

5. This leave of absence was requested by plaintiff and lasted until the EEOC completed the processing of his previously filed complaints.

6. Plaintiff testified he did not return to work immediately because he did not know if he was scheduled. He made no effort to call Armco and ask if he was to be at work.

7. These claims include the discriminatory denial of the Rule of 65 pension, June 1983 demotion to plant protection and the June 1983 discriminatory failure to promote.

party. *See* 29 U.S.C. § 1132(g). Like several other circuits,[8] the Eighth Circuit has held that district courts determining whether to award fees in ERISA cases should consider five factors:

> (1) the degree of the opposing parties' culpability or bad faith; (2) the ability of the opposing parties to satisfy an award of attorney's fees; (3) whether an award of attorney's fees against the opposing parties could deter other persons acting under similar circumstances; (4) whether the parties requesting attorney's fees sought to benefit all participants and beneficiaries of an ERISA plan or to resolve a significant legal qeustion [sic] regarding ERISA itself; and (5) the relative merits of the parties' positions.

*Lawrence v. Westerhaus*, 749 F.2d 494, 496 (8th Cir.1984), (quoting *Iron Workers Local No. 272 v. Bowen*, 624 F.2d 1255, 1266 (5th Cir.1980)). In addition to considering these factors, the court must also consider Congress' purpose in enacting ERISA "of protecting employee benefit plan participants by providing 'ready access to the federal courts.'" *Anderson v. Alpha Portland Industries, Inc.*, 752 F.2d 1293, 1300 (8th Cir.), *cert. denied*, 471 U.S. 1102, 105 S.Ct. 2329, 85 L.Ed.2d 846 (1985) (quoting 29 U.S.C. § 1001(b)). *See also Landro v. Glendenning Motorways, Inc.*, 625 F.2d 1344, 1356 (8th Cir.1980) ("ERISA ... is remedial legislation that should be construed liberally in favor of those persons it was meant to benefit and protect, namely, participants in and beneficiaries under covered pension and welfare plans....").

■ Considering both the purpose behind ERISA and the five factor test announced by the Eighth Circuit in *Lawrence*, the court finds that fees for defending against the ERISA claim should not be awarded in this case. Although the court rejected plaintiff's argument that genuine factual issues remained as to whether plaintiff's retirement would be "mutually satisfactory" and as to the definition of "suitable long-term employment," the court does not find that these arguments were made in bad faith. Thus, the first factor weighs against an award of fees. While plaintiff's net worth statement indicates that he may be able to satisfy an award of attorney's fees, such an award could deter other individuals from bringing ERISA suits.[9] The fourth factor of the test, whether plaintiff sought to benefit all participants of a plan, weighs against him since the suit concerned only the denial of his individual applications. The final factor, the relative merits of the parties' positions, weighs against an award of fees since each side made good faith arguments.[10] In sum, factors one, three and five weigh in plaintiff's favor while only factors two and four favor defendants. Consequently, the court will not award fees to defendants for plaintiff's ERISA claim.

Defendants have submitted copies of billing statements for all work done on this case. Since the court's order grants fees only for part of these expenses defendants are directed to submit an affidavit detailing the fees incurred in defending the March 1982 demotion claim and the retaliation claim. The court will then give plaintiff an

---

8. *See, e.g., Monkelis v. Mobay Chemical*, 827 F.2d 935, 936 (3rd Cir.1987); *Firestone Tire & Rubber Co. v. Neusser*, 810 F.2d 550, 557 (6th Cir.1987); *Gray v. New England Telephone & Telegraph*, 792 F.2d 251, 258 (1st Cir.1986).

9. The court is somewhat perplexed over this factor since an award of attorney's fees would always seem to have some deterrent effect. In any event, the court finds that this factor weighs in favor of plaintiff in this case since the court must construe ERISA in favor of those it is designed to protect.

10. In its motion defendants urge this court to apply the test adopted by the Seventh Circuit in *Bittner v. Sadoff & Rudoy Industries*, 728 F.2a 820 (7th Cir.1984). In *Bittner* the Seventh Circuit found that a court determining whether fees should be awarded in an ERISA case must bear in mind that "a modest presumption" exists in favor of awarding fees to the winning party, "unless the loser's position, while rejected by the court, has a solid basis—more than merely not frivolous, but less than meritorious." *Id.* at 830. Defendants apparently abandoned this position in their reply brief. Even if the argument had not been abandoned, the court would not have applied *Bittner* because no other circuit has adopted the test and because this court is obliged to follow Eighth Circuit precedent and apply the five-factor test.

opportunity to respond to the affidavit before entering an order awarding fees. Accordingly, it is

ORDERED that plaintiff's motion for a new trial is denied. It is further

ORDERED that defendant Armco's motion for attorney's fees is granted insofar as it requests fees for expenses incurred in defending plaintiff's March 1982 demotion claim and his retaliation claim. The motion is denied in every other respect. It is further

ORDERED that the motion of defendant Armco, Inc. Noncontributory Pension Plan for attorney's fees is denied. It is further

ORDERED that within fifteen days of the date of this order defendant Armco submit an affidavit detailing fees incurred in defending the 1982 demotion and retaliation claims. Plaintiff will then have fifteen days to respond to the affidavit.