915 F.2d 355
 54 Empl. Prac. Dec. P 40,271
 Robert E. HOOVER, Appellant,
v.
ARMCO, INC., and Armco Inc. Noncontributory Pension Plan, Appellees.
Robert E. HOOVER, Appellee,
v.
ARMCO, INC., and Armco Inc. Noncontributory Pension Plan, Appellants.
 Nos. 89-1409WM, 89-1570WM.
 United States Court of Appeals,
Eighth Circuit.
 Submitted Feb. 15, 1990.
Decided Sept. 25, 1990.
 
 Steven L. Hobson, Kansas City, Mo., for appellant.
 Brian J. Finucane, Kansas City, Mo., for appellees.
 Before McMILLIAN and FAGG, Circuit Judges, and STROM,* District Judge.
 FAGG, Circuit Judge.
 
 
 1
 Robert E. Hoover sued Armco, Inc. and Armco's pension plan on various claims arising out of his employment with Armco. Hoover lost and the district court awarded partial attorney's fees to Armco. Hoover appeals the award of attorney's fees, and Armco cross-appeals both the amount of fees awarded and the denial of attorney's fees for defending against certain claims. We affirm.
 
 
 2
 Armco employed Hoover for twenty-four years. Hoover began his career at Armco as an engineer, but following a reduction in Armco's work force and a series of poor job performance evaluations, Hoover eventually took a job as a security guard. Hoover filed age discrimination claims against Armco, and Armco permitted him to take a twenty-two month leave of absence until the Equal Employment Opportunity Commission (EEOC) and Kansas City Human Relations Department processed his discrimination claims. Neither agency took action on Hoover's claims. Hoover returned to work in December 1985 and requested two weeks vacation in February for his annual Colorado ski trip. Armco refused Hoover's vacation request because Armco employees are not eligible for vacation until six months after returning to work from an extended leave.
 
 
 3
 Following his evening shift on February 20, 1986, Hoover filled out an employee absentee report and left it for his supervisor. The next day, Hoover and his wife flew to Colorado to spend a week skiing with friends. After arriving in Colorado, Hoover and his wife spent the weekend in Colorado Springs visiting an ailing relative before departing to the mountains. Following six days of skiing, Hoover and his wife returned to Colorado Springs to once again visit the sick relative. Hoover and his wife flew home on Monday, March 3. Hoover first contacted Armco two days after his return, at which time he told Armco his "emergency absence" arose suddenly, and he only discovered his relative was ill the evening of February 20. Hoover had purchased the airline tickets on February 15 or 16, however. Armco fired Hoover.
 
 
 4
 Hoover brought suit against Armco claiming discriminatory demotions, failure to promote, discriminatory denial of pension under the Age Discrimination in Employment Act (ADEA), and unlawful denial of pension under the Employee Retirement Income Security Act (ERISA). Hoover later amended his complaint, claiming Armco discharged him in retaliation for filing claims with the EEOC and Kansas City Human Relations Department and for bringing this lawsuit. The district court dismissed on summary judgment Hoover's ERISA, 1982 demotion, and discriminatory denial of pension claims. A jury rejected the remaining claims. After finding Hoover brought some of his claims in bad faith, the district court awarded Armco attorney's fees on the retaliatory discharge claim and 1982 demotion claim. The present appeals followed.
 
 
 5
 We do not believe the district court abused its discretion in awarding attorney's fees to Armco. ADEA does not provide attorney's fees to a prevailing defendant. Cova v. Coca-Cola Bottling Co., 574 F.2d 958, 962 (8th Cir.1978). The district court, however, may award attorney's fees to a prevailing defendant under the bad faith exception to the American Rule. Id. Under the bad faith exception, a trial court may award attorney's fees to a prevailing party when it finds "the losing party has 'acted in bad faith, vexatiously, wantonly, or for oppressive reasons.' " Alyeska Pipeline Serv. Co. v. Wilderness Soc'y, 421 U.S. 240, 258-59, 95 S.Ct. 1612, 1622-23, 44 L.Ed.2d 141 (1975) (quoting F.D. Rich Co. v. United States ex rel. Indus. Lumber Co., 417 U.S. 116, 129, 94 S.Ct. 2157, 2165, 40 L.Ed.2d 703 (1974)).
 
 
 6
 We agree with the district court that Hoover "deliberately walked off the job knowing [ ] his earlier request for leave had been denied[,] [ ] made no effort to contact Armco while he was away[,] and [ ] admitted[ly] [ ] spent a good portion of [his time] at ski resorts and not with his ailing [relative]." Hoover v. Armco, Inc., 691 F.Supp. 184, 188 (W.D.Mo.1988). We also agree with the district court that Hoover's "retaliation claim was brought in bad faith[,] ... was without foundation[,] and [was] the type of case which 'should never have been filed.' " Id. (citation omitted). It is manifest from the record that Hoover, in blatant disregard for Armco's vacation policy, went skiing in Colorado with friends while using his relative's ill health as a subterfuge for his absence.
 
 
 7
 In our view, Hoover "intentionally advanced a frivolous contention for an ulterior purpose." Actors' Equity Ass'n v. American Dinner Theatre Institute, 802 F.2d 1038, 1043 (8th Cir.1986). After Armco fired him, Hoover brought and doggedly pursued a baseless retaliatory discharge claim out of spite. This is bad faith. Id. We thus follow the Supreme Court's lead that plaintiffs may properly be assessed their opponent's attorney's fees if "a court finds [the plaintiff's] claim was frivolous, unreasonable, or groundless, or that the plaintiff continued to litigate after it clearly became so." Christiansburg Garment Co. v. EEOC, 434 U.S. 412, 422, 98 S.Ct. 694, 701, 54 L.Ed.2d 648 (1978) (construing attorney's fee statute in Title VII litigation). Furthermore, "if a plaintiff is found to have brought or continued such a claim in bad faith, there [is] an even stronger basis for charging [the plaintiff] with the attorney's fees incurred by the defense." Id. (emphasis original). The district court correctly awarded attorney's fees to Armco for defending against Hoover's retaliation claim.
 
 
 8
 The district court also found Hoover knowingly brought and pursued a demotion claim barred by the statute of limitations. Asserting a time-barred claim alone does not justify an award of attorney's fees. The statute of limitations is an affirmative defense the defendant must raise, Fed.R.Civ.P. 8(c), and Hoover did not have to anticipate Armco would raise it. Therefore, merely pleading the time-barred demotion claim was not bad faith. See Ford v. Temple Hosp., 790 F.2d 342, 348-49 (3d Cir.1986). Armco, however, did raise the statute of limitations as a defense in its answer to Hoover's original complaint. Aware of this, Hoover continued to include the time-barred claim in four amended complaints. Not until the district court granted Armco summary judgment did Hoover relinquish this claim. In our opinion, Hoover acted in bad faith by continuing to assert the time-barred demotion claim after Armco raised an undisputed statute of limitations defense. We thus affirm the district court's award of attorney's fees for defending against this claim.
 
 
 9
 For its part, Armco claims the district court committed error by failing to award attorney's fees on Hoover's ERISA and remaining discrimination claims, and by awarding only part of the fees requested for the claims we have discussed. Reasonable attorney's fees are available to either party under ERISA, see 29 U.S.C. Sec. 1132(g)(1) (1988), and the district court has discretion to award attorney's fees guided by the factors in Lawrence v. Westerhaus, 749 F.2d 494, 495-96 (8th Cir.1984) (per curiam). After careful consideration of the Lawrence factors, we conclude the district court did not abuse its discretion in denying Armco fees on Hoover's ERISA claim. We also hold the district court exercised proper discretion in setting the amount of fees awarded and in denying attorney's fees based on Hoover's remaining age discrimination claims.
 
 
 10
 We affirm the district court.
 
 
 11
 McMILLIAN, Circuit Judge, concurring in part and dissenting in part.
 
 
 12
 I agree with the majority opinion's decision to affirm the district court order denying Armco, Inc. attorney's fees under ERISA and under the bad faith exception to the American Rule. (No. 89-1570WM, Armco, Inc.'s cross-appeal). However, I do not agree with the majority's decision to affirm the district court order granting attorney's fees to Armco under the bad faith exception (No. 89-1409WM, Hoover's appeal). Accordingly, I respectfully dissent from that part of the majority opinion.
 
 
 13
 Bad faith requires a showing of "an intentional advancement of a baseless contention that is made for an ulterior purpose, e.g., harassment or delay." Ford v. Temple Hospital, 790 F.2d 342, 347-49 (3d Cir.1986); accord Actors' Equity Ass'n v. American Dinner Theatre Institute, 802 F.2d 1038, 1043 (8th Cir.1986). With respect to Hoover's untimely March 1982 demotion claim, the mere filing of a time-barred claim is not frivolous as a matter of law and thus cannot be in bad faith. Ford v. Temple Hospital, 790 F.2d at 348. The statute of limitations is an affirmative defense; unless it is properly raised by the defense, it is waived. Fed.R.Civ.P. 8(c). Furthermore, once it became clear that the March 1982 claim was in fact untimely, Hoover did not continue to litigate this claim as a separate claim. Under these circumstances, I would hold the district court erred in finding that Hoover filed and litigated the March 1982 demotion claim in bad faith.
 
 
 14
 With respect to the retaliatory discharge claim, I cannot agree that this claim is wholly frivolous, at least for purposes of the bad faith exception. The district court did not summarily dispose of this claim; it was submitted to the jury. Moreover, even assuming for purposes of analysis that the retaliatory discharge claim was wholly frivolous, the district court did not find that Hoover advanced this claim for an ulterior purpose such as harassment or delay. Bad faith requires both a wholly frivolous contention and an ulterior purpose. See Actors' Equity Ass'n v. American Dinner Theatre Institute, 802 F.2d at 1043. In the absence of a finding of an ulterior purpose, I would hold the district court erred in finding that Hoover litigated the retaliatory discharge claim in bad faith.
 
 
 15
 Although I agree that Hoover's claims are certainly less than substantial, I think courts should be particularly reluctant to award attorney's fees under the bad faith exception, especially against unsuccessful plaintiffs in civil rights cases. The award of attorney's fees can have an "undesirable chilling effect on an attorney's legitimate ethical obligation to represent his [or her] client zealously." Ford v. Temple Hospital, 790 F.2d at 349. As noted by the Supreme Court in Christianburg Garment Co. v. EEOC, 434 U.S. 412, 421-22, 98 S.Ct. 694, 700-01, 54 L.Ed.2d 648 (1978),
 
 
 16
 [i]t is important that a district court resist the understandable temptation to engage in post hoc reasoning by concluding that, because a plaintiff did not ultimately prevail, his [or her] action must have been unreasonable or without foundation. This kind of hindsight logic could discourage all but the most airtight claims, for seldom can a prospective plaintiff be sure of ultimate success. No matter how honest one's belief that he [or she] has been the victim of discrimination, no matter how meritorious one's claim may appear at the outset, the course of litigation is rarely predictable. Decisive facts may not emerge until discovery or trial. The law may change or clarify in the midst of litigation. Even when the law or the facts appear questionable or unfavorable at the outset, a party may have an entirely reasonable ground for bringing suit.
 
 
 
 *
 The HONORABLE LYLE E. STROM, Chief Judge, United States District Court for the District of Nebraska, sitting by designation