**Miles E. COLBERT, Plaintiff,**

v.

**YADKIN VALLEY TELEPHONE MEMBERSHIP CORPORATION, Jeffrie A. Adams, Joseph Duane Long, William R. Crownfield, Defendants.**

No. 6:95CV00195.

United States District Court,
M.D. North Carolina,
Winston–Salem Division.

March 31, 1997.

Miles E. Colbert, Winston–Salem, NC, pro se.

John S. Harrison, Reginald F. Combs, Blanco Tackabery Combs & Matamoros, P.A., Winston–Salem, NC, Jeffrey Claude Howard, Kilpatrick Stockton, L.L.P., Winston–Salem, NC, David Tutherly Watters, Blanco Tackabery Combs & Matamoros, P.A., Winston–Salem, NC, for Yadkin Valley Telephone Membership Corp., Jeffrie A. Adams, Joseph Duane Long, William R. Crownfield.

## ORDER

ELIASON, United States Magistrate Judge.

This matter comes before the Court on defendants' motion for attorneys' fees. Plaintiff filed this action on March 15, 1995 alleging that defendants violated his rights under the Age Discrimination in Employment Act ("ADEA"), 29 U.S.C. § 621, *et seq.* Defendants moved to dismiss or in the alternative for summary judgment on the ground that plaintiff did not timely file a charge with the Equal Employment Opportunity Com-

mission ("EEOC"). Plaintiff claimed that he sent a letter to the EEOC on March 13, 1993 and received a response. Defendants contended that plaintiff did not file a charge with the EEOC until July 26, 1994.

The Court directed the parties to specifically address this issue, and on November 6, 1995, judgment was entered dismissing this action on the ground that plaintiff failed to file a timely charge with the EEOC alleging age discrimination. The state law claims were dismissed without prejudice to being filed in state court. Plaintiff appealed and the judgment was affirmed on September 27, 1996. As the prevailing party, defendants' motion for attorneys' fees was filed on November 13, 1995, prior to the appeal. No action was taken on defendants' motion for attorneys' fees until the appeal was resolved.

In their motion, defendants seek attorneys' fees alleging that plaintiff filed this lawsuit in bad faith in that he knew he never filed an EEOC charge in March 1993, and that he falsely presented uncorroborated evidence that he did so file. After the record was returned from the Fourth Circuit Court of Appeals, and in a November 7, 1996 Order, the Court found that defendants' motion was not in proper form either for ruling or for response by plaintiff and set a briefing schedule for the parties. No party has requested oral argument. Therefore, the Court will decide the matter on the record.

The ADEA does not expressly provide for an award of attorneys' fees, but incorporates by reference the provisions of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201, *et seq.*, which contains a provision for attorneys' fees for plaintiffs. Neither the ADEA nor the FLSA expressly provide for an award of attorneys' fees for the successful defendant. Defendants contend that the Fourth Circuit, in *E.E.O.C. v. Clay Printing Co.*, 13 F.3d 813, 816 (4th Cir.1994), construed the statutory silence of the ADEA and the FLSA as permitting an award of attorneys' fees for the successful defendant, as is common in other civil rights legislation. Defendants' depiction is not quite accurate. In *Clay Printing*, the EEOC, a government agency, brought an unsuccessful suit under the ADEA, and subsequently sought to avoid an award of attorneys' fees against it under the Equal Access to Justice Act ("EAJA"), 5 U.S.C. § 504.[1] Plaintiff EEOC argued that the absence of any provision for fee awards to prevailing defendants in the ADEA or the FLSA should be filled not by the EAJA, but, rather, by the sort of fee shifting provisions used in other civil rights statutory schemes such as Title VII.[2] The Fourth Circuit rejected this argument and assessed attorneys' fees against the plaintiff agency under the less favorable standard of the EAJA. Thus, defendants' contention is inaccurate, and *Clay Printing* does not address the issue *sub judice*.

Attorneys' fees have been imposed on plaintiffs in an ADEA case under the bad faith exception to the American Rule.[3] *Hoover v. Armco, Inc.*, 915 F.2d 355 (8th Cir. 1990), *cert. denied*, 499 U.S. 961, 111 S.Ct. 1585, 113 L.Ed.2d 650 (1991).

> Under the bad faith exception, a trial court may award attorney's fees to a prevailing party when it finds "the losing party has 'acted in bad faith, vexatiously, wantonly, or for oppressive reasons.'" *Alyeska Pipeline Serv. Co. v. Wilderness Soc'y*, 421

1. Under the EAJA, if the United States is a party in any civil action and loses, the other party gets attorneys' fees unless some other statute specifically says otherwise. *Clay Printing*, 13 F.3d at 817.

2. As will be discussed, *infra*, prevailing defendants under Title VII, 42 U.S.C. § 2000e, *et seq.*, are only entitled to attorneys' fees if the action against them is shown to have been "frivolous, unreasonable, or groundless." *Christiansburg Garment Co. v. EEOC*, 434 U.S. 412, 422, 98 S. Ct. 694, 701, 54 L.Ed.2d 648 (1978). This is quite obviously a higher standard for prevailing defendants to meet than that under the EAJA.

3. Under the American Rule, each party is required to bear the cost of his or her own attorneys' fees absent explicit congressional authorization to the contrary. *Alyeska Pipeline Serv. Co. v. Wilderness Soc'y*, 421 U.S. 240, 249–50, 95 S.Ct. 1612, 1618, 44 L.Ed.2d 141 (1975); *see also Key Tronic Corp. v. United States*, 511 U.S. 809, 814, 114 S.Ct. 1960, 1965, 128 L.Ed.2d 797 (1994); *Blackburn v. Reich*, 79 F.3d 1375, 1382–83 (4th Cir.1996). One exception to the American Rule is that a court may award attorneys' fees if the losing party has "acted in bad faith, vexatiously, wantonly, or for oppressive reasons." *Alyeska*, 421 U.S. at 258–59, 95 S.Ct. at 1622 (citations omitted).

U.S. 240, 258–59, 95 S.Ct. 1612, 1622–23, 44 L.Ed.2d 141 (1975)(quoting *F.D. Rich Co. v. United States ex rel. Indus. Lumber Co.*, 417 U.S. 116, 129, 94 S.Ct. 2157, 2165, 40 L.Ed.2d 703 (1974)).

*Id.* at 357; compare *Blue v. U.S. Dept. of Army*, 914 F.2d 525, 533 (4th Cir.1990), *cert. denied sub nom*, *Chambers v. U.S. Dept. of Army*, 499 U.S. 959, 111 S.Ct. 1580, 113 L.Ed.2d 645 (1991) (race).

In *Christiansburg Garment Co. v. EEOC*, 434 U.S. 412, 98 S.Ct. 694, 54 L.Ed.2d 648 (1978), the Supreme Court discussed assessing attorneys' fees for prevailing parties in Title VII actions and, in particular, for prevailing defendants. Under *Christiansburg*, a losing plaintiff should not be assessed attorneys' fees unless the court finds the claim to be frivolous, unreasonable, or groundless, or if the plaintiff continues to litigate after it clearly became so. *Christiansburg*, 434 U.S. at 422, 98 S.Ct. at 700. *Christiansburg* made it explicit that a prevailing plaintiff was entitled to attorneys' fees unless special circumstances made such an award unjust, whereas a prevailing defendant was not entitled to attorneys' fees unless there *were* special circumstances, i.e. the claim was frivolous, unreasonable, or groundless.

Arguably, the bad faith exception to the American Rule may be a more difficult standard to satisfy than the *Christiansburg* test because it requires a showing of bad faith or wanton action, i.e. intentional conduct, as opposed to merely pursuing frivolous or unreasonable claims or actions (i.e. passive-aggressive conduct?). Nevertheless, the two tests are otherwise remarkably similar in the kind of actions which are covered. Both tests encompass the continued litigation of claims which have become frivolous. *Id.*; *Hoover v. Armco, Inc.*, 915 F.2d at 357.

In *Hoover*, the Eighth Circuit imposed attorneys' fees on a plaintiff for the continued litigation of a time-barred ADEA claim. The instant plaintiff engaged in similar conduct and, therefore, attorneys' fees are assessable also. Nevertheless, imposing fees under the bad faith rationale is somewhat rare. A

review of the *Christiansburg* test can assist courts in assessing attorneys' fees against a plaintiff under the bad faith test in a case such as the instant one where some caution is necessary because plaintiff acts like a private attorney general enforcing civil rights legislation. See *Christiansburg Garment Co. v. EEOC*, 434 U.S. at 416, 98 S.Ct. at 697.

In *Marquart v. Lodge 837, Intern. Ass'n of Machinists and Aerospace Workers*, 26 F.3d 842, 848 (8th Cir.1994), the Eighth Circuit thoroughly examined the awarding of attorneys' fees to prevailing defendants under *Christiansburg*. The court started with the proposition that attorneys' fees against the plaintiff should only be allowed in the most narrow of circumstances. *Marquart*, 26 F.3d at 849. Indeed, the Eighth Circuit had only approved an award of attorneys' fees to a prevailing defendant once in all the civil rights cases it reviewed through 1989, and even then only a small portion of the fees claimed were awarded. *Id.* at 849 (citing *Witzsche v. Jaeger & Haines, Inc.*, 707 F.Supp. 407, 410–11). However, the court also commented that the rights of innocent defendants to be free from frivolous, unreasonable, or groundless lawsuits should not be trampled upon by failing to award attorneys' fees in appropriate cases. *Id.*

Continuing its analysis, the Eighth Circuit noted that in the case of prevailing plaintiffs, attorneys' fees should be awarded when, as a result of the lawsuit, there was a material alteration in the legal relationship between the parties. However, it rejected such a favorable standard for prevailing defendants. *Id.* at 851. Instead, the Eighth Circuit concluded that prevailing defendants could not be awarded fees unless an examination of plaintiff's intended evidence disclosed the claim to be frivolous, unfounded, and vexatiously pursued. In other words, a court must have reviewed the actual merits of plaintiff's claim. At a minimum, this requires the court to determine a motion for summary judgment on the merits in defendants' favor. *Id.* at 852.[4]

---

4. It is not clear whether a Fed.R.Civ.P. 12(b)(6) dismissal for failure to state a claim for relief would constitute a merit dismissal as well.

Under this rationale, prevailing defendants cannot be awarded attorneys' fees when a case is dismissed for lack of subject matter jurisdiction because such a dismissal does not constitute a judgment on the merits. However, the Eighth Circuit did indicate that even non-merit dismissals (e.g., time barred) can warrant attorneys' fees should plaintiff continue to press the claim after dismissal. *Id.* But, even then, parties are normally only allowed attorneys' fees for time related to issues for which they have substantially prevailed. *See Hamilton v. Daley,* 777 F.2d 1207, 1215 (7th Cir.1985). Thus, awards of attorneys' fees to prevailing defendants are not frequent, and even when granted are severely circumscribed.

In addition, it is significant that plaintiff is proceeding *pro se.* In *Hughes v. Rowe,* 449 U.S. 5, 101 S.Ct. 173, 66 L.Ed.2d 163 (1980), the Supreme Court indicated with respect to prisoner litigation that the limitations on defendant's attorneys' fees set out in *Christiansburg* applied with even greater force to uncounseled prisoners. Nothing in the *Hughes* decision limits that holding to uncounseled prisoners. Indeed, the Court went on to note that: "[a]n unrepresented litigant should not be punished for his failure to recognize subtle factual or legal deficiencies in his claims." 449 U.S. at 15, 101 S.Ct. at 179. Consequently, *Hughes* applies to civil rights litigation and serves as another impediment to prevailing defendants under either the *Christiansburg* or the bad faith test.

■ On the other hand, continuing to pursue doomed litigation after the defects have been explained in a court opinion is not conduct based on subtle, factual or legal niceties which a layman would not be in a position to appreciate. Whether the Court applies *Hughes* to the *Christiansburg* test, *Marquart,* or the bad faith exception to the American Rule, the result is the same. Attorneys' fees may be assessed against a *pro se* plaintiff because he continued litigation of this matter after the deficiencies of his claim became clear in the Court's Order and Judgment. *See Marquart,* 26 F.3d at 852 (Title VII); *Hoover v. Armco, Inc.,* 915 F.2d at 358–359 (bad faith). The award of attorneys' fees will not include time spent in initially litigating this matter and obtaining a dismissal on the grounds that plaintiff failed to file a timely charge with the EEOC.

The following facts support an award in this case. This Court's Order and Judgment made clear to plaintiff both that (1) his assertion that he mailed his EEOC complaint to the EEOC on March 13, 1993 was conclusory, and (2) the evidence he submitted did not, in fact, corroborate his claim. Plaintiff was informed that his claim was severely damaged by his contention that he misplaced or lost the alleged return letter from the EEOC acknowledging receipt of his charge. Moreover, the Court had instructed plaintiff to produce some evidence that he made a telephone call to the EEOC on March 9, 1993 as he had claimed. (November 6, 1995 Order, at 3 n. 1, docket no. 26) Again, this was a matter within plaintiff's own control and he failed to submit proof. Because of these deficiencies, plaintiff's pursuit of his claim after dismissal can easily be viewed as vexatious and harassing.

Plaintiff was given the opportunity to respond to defendants' motion for attorneys' fees and he did so. He spends much of the response rehashing issues which were decided adversely to him by both this Court and the Fourth Circuit Court of Appeals. He also fails to mention the fact that he failed to supply crucial evidence himself with respect to the alleged March 9, 1993 telephone call and the alleged March 1993 EEOC receipt notice as to his complaint. Thus, plaintiff still fails to acknowledge that even under his version of the facts, it was not just the EEOC, but also he who was negligent and responsible for his inability to prove he filed a timely EEOC claim. As stated previously, the Court will not fault plaintiff for filing this action or pursuing it up to judgment. It does fault him for continuing to pursue the claim after it became clear that he could not sustain it.

■ Plaintiff does not dispute the validity or amount of the charges submitted by defendants, but the Court has a duty to independently review them. The factors to be used in determining reasonable fees are set out in *Rum Creek Coal Sales, Inc. v. Caperton,* 31 F.3d 169 (4th Cir.1994) (prevailing

plaintiff). Defendants seek attorneys' fees in a range from $90.00 to $170.00 per hour. It is not entirely clear whether these are, in fact, charges which will be made in this case or whether these are the attorneys' usual and customary rates. Nor is the Court given details concerning the experience of each attorney which would show they deserve to charge such rates. Nevertheless, the Court is familiar with the attorneys and the billing fees in this District and finds that they are not out of line as usual and customary rates. In any event, the Court will be cutting the total fee amount in recognition of the fact that plaintiff is unrepresented, and also in deference to the cautionary consideration of not assessing plaintiff fees which may serve to discourage other plaintiffs with deserving claims from coming forward. *See Hutchinson v. Staton,* 994 F.2d 1076, 1081 (4th Cir. 1993).

The Court finds that after entry of judgment dismissing this action, defendants' attorneys spent 16.95 hours and accumulated fees in the amount of $2,862.75. Some of the times set out do not sufficiently relate directly to the appeal itself to constitute chargeable hours. They are as follows:

| Date | Description | Time |
| --- | --- | --- |
| 12/13/95 | Legal research re: *pro se* appeals | 1.50 |
| 12/15/95 | Conference with clients' insurer | .25 |
| 01/24/96 | Phone conference re: ERISA rights of terminated employee | .75 |
| 01/26/96 | Review of correspondence evidently relating to ERISA | .25 |
| 02/14/75 | Conference re: insurance benefits | .25 |
| 03/08/96 | Apparent conference re: insurance | .75 |
| 04/20/96 | Apparent conference re: insurance | .25 |
| 10/15/96 | Insurance matter | .75 |
| 10/16/96 | Apparent insurance matter | .50 |
| 10/17/96 | Apparent insurance matter | .50 |

These hours in the amount of 5.75 and attorneys' fees in the amount of $977.50 may not be used to calculate defendants' expenses for plaintiff's vexatiously continuing the lawsuit.

Finally, the time spent researching and preparing the attorneys' fee motion in the amount of 2.85 hours and $465.75 has also been deducted. It is not clear under *Marquart, Hughes,* or the bad faith test [5] that an award for such services would be warranted for prevailing defendants. This is especially true here, where the opposition to the attorneys' fee motion was not itself vexatious or harassing.[6] He does not even challenge the amount of the fees. While defendants point out that they made an offer to plaintiff to withdraw the motion for attorneys' fees if he would execute a release of all claims against the defendants, that refusal in this case cannot be viewed as part of an alleged vexatious litigation pattern.

In addition, defendants accumulated expenses in the amount of $1,694.85, of which $1,377.37 was for legal research via Westlaw. The Court will deduct the research expense which appears to be most directly related to initial matters in this Court and, in any event, these expenses are not itemized and, therefore, post-judgment costs cannot be calculated. That leaves expenses for copying, postage, telephone calls and printing in the amount of $317.48. However, these charges are also not segregated and the Court is unable to calculate post-judgment costs.

Consequently, the Court will award attorneys' fees for work performed on the following days: 11/29/95; 12/11/95; 12/11/95; 12/12/95; 12/18/95; 12/19/95; 12/19/95; 12/20/95; 12/26/95; 1/4/96; 1/5/96; 1/5/96; 9/25/96; 10/1/96; 10/18/96. The hours expended directly on the appeal amount to 8.75 and the fees sought amount to $1,419.50. As stated previously, the Court, for reasons of

5. *Blue v. U.S. Dept. of Army,* 914 F.2d 525, 533 (4th Cir.1990), *cert. denied sub nom, Chambers v. U.S. Dept. of Army,* 499 U.S. 959, 111 S.Ct. 1580, 113 L.Ed.2d 645 (1991).

6. Plaintiff's opposition to being assessed attorneys' fees could perhaps be deemed groundless in the sense of being unsupported in law. However, the issue of whether prevailing defendants

may be awarded attorneys' fees under the ADEA is not well settled. Also, in this case, that issue is decided for the first time in this motion. At least for a *pro se* litigant, the Court would be loathe to assess attorneys' fees under either *Christiansburg* or the bad faith rule unless the *pro se* plaintiff continued the litigation of a clearly frivolous claim.

caution and in its discretion, decides to further reduce the amount of costs and attorneys' fees assessed against plaintiff to the sum of $1,000.00.

The Court is fully convinced that some fees are necessary in this case. These fees will not defeat the purpose of civil rights legislation, but are intended to send a message to plaintiffs who clearly cross the line by vexatiously pursuing litigation when it is reasonably clear to a lay person that the claims are not viable. Such plaintiffs will be held accountable and may not attempt to turn a defeat into a victory through revenge and harassment by forcing a defendant to continue to expend sums to defend itself against litigation which has become obviously frivolous.

**IT IS THEREFORE ORDERED** that defendants' motion for attorneys' fees and costs (docket no. 28) is granted and plaintiff shall pay defendants as the prevailing party the sum of $1,000.00 as attorneys' fees.